UNITED STATES DISTRICT COURT
DISTRICT OF MASSACUSETTS

|  |  |  |
|---|---|---|
| SUNLINK CORPORATION,<br>Plaintiff | : | Civil Action  No. 1:15-CV-13606-ADB |
|  | : |  |
| v. | : | DEFENDANT'S MEMORANDUM OF |
|  | : | LAW IN SUPPORT OF ITS MOTION |
| AMERICAN CAPITAL ENERGY, INC.<br>Defendant | : | TO DISMISS |
|  | : |  |
|  | : |  |

The Defendant American Capital Energy, Inc. (ACE) moves to **DISMISS** this Federal lawsuit because it is the second action filed by this Plaintiff, in a second forum, against the same Defendant, over the same disputes submitted by Plaintiff in 2014 to the Barnstable Superior Court which remains an active case, *SunLink Corporation v American Capital Energy Inc. et. al.* open under Docket Number 1472 CV 00511 in the Barnstable County Superior Court. Both Plaintiff and Respondent, two of the four parties to that case, filed Status Reports as recently as October 16th, 2015 including the Plaintiff's filing the Partial and Final Award with the Superior Court requesting that it hold the case in abeyance until November 6th, 2015 while additional settlement negotiations were pending with a defendant not named in this Federal Action. (Ex 2)

FACTS

The plaintiff commenced a lawsuit in Barnstable Superior Court against four defendants ACE, Arch Insurance Company, Berkley Regional Insurance Company and Berkley Insurance Company on October 21, 2014.  The Superior Court action was stayed by virtue of the Court's endorsement of a joint motion to stay filed by all parties on January 5, 2015. (Ex 4) Arbitration was commenced by Sunlink against ACE. (Ex 2 A) (Motions by the other Superior Court Defendants to intervene in the Arbitration were denied).   On October 6, 2015 the appointed Arbitrator entered a final order in a dispute over payments on nine separate projects constructed by the Defendant part of which included some of Plaintiff's equipment. The projects have spawned eight separate State Superior Court lawsuits (in Barnstable County - including the

action referenced above, as well as four other actions by Old Castle Precast Inc. subcontractors of Plaintiff, in Dukes County - by Old Castle and an additional action in Middlesex County between ACE and the developers). Defendant ACE has reached settlement and has paid numerous invoices claimed in the Arbitration by the Plaintiff and is in negotiations with the Bonding Companies one of which has paid Sunlink in full and provided releases (Ex 1 at 12, 13).

On October 14, 2015 Sunlink filed its Status Report per Order of the Superior Court Judge in Civil Action No 1472 CV 00511 *Sunlink Corporation v American Capital Energy Inc., Arch Insurance Company, Berkley Regional Insurance Company, and Berkley Insurance Company.* (Ex 2) In its report to the Superior Court Sunlink wrote:

> Sunlink reached a settlement with Berkley with respect to Sunlink's bond claims on the four Berkley insured projects which are the subject of this action, Dennis, Barnstable, Brewster and Chatham, respectively.   SunLink is presently negotiating with Arch concerning the bond claims Sunlink has brought on the remaining projects at issue in this litigation, Harwich and Eastham,…The settlement with Berkley, however and any settlement, partial or otherwise, SunLink is able to reach with Arch will necessarily impact the remaining litigation in this case. (Ex 2 at 3)…

> In light of the foregoing, SunLink hereby respectfully requests until **November 6, 2015** to attempt to conclude settlement discussions with Arch, to report back to the Court as to the status of the case

ACE in its Status Report to the same Superior Court Judge on October 15, 2015, stated it will be filing with said Superior Court an Application to Vacate the Arbitrator's Award based on MGL c 251 Section 12. (Ex 3 at 2)

On November 5, 2015 ACE filed its Application to Vacate Arbitration Award in Barnstable Superior Court (Ex1).  The Massachusetts statue governing arbitration MGL c. 251 §12 (b) provides that Applications to Vacate an Arbitral Award must be made within 30 days of receipt of the award. Oral argument in Superior Court on the Application is anticipated awaiting only further Order of the Superior Court Judge.

## DEFER TO STATE COURT'S ESTABLISHED JURISDICTION

2

The instant Federal action is based on diversity of citizenship among the litigants. The contracts providing for arbitration declared that Massachusetts law applied. The Federal Arbitration Act preempts any State law that attempts to, or has the effect of discouraging the enforcement of commercial arbitration agreements. Hall St. Assocs. LLC v. Mattel, Inc., 552 U.S. 576 (2008); Oxford Health Plans LLC v. Sutter, 133 S.Ct. 2064, 2070 (2013). The bases for vacating arbitration awards in the Mass Arbitration Statute and in the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. (2006) (FAA) are indistinguishable.

ACE has moved in State Court to Vacate the Arbitral award based on recognized statutory provisions found in the State and Federal arbitration acts (Ex 1)

> Failure to postpone a hearing upon sufficient cause being shown or so conducted the
> hearing, so as to prejudice substantially the rights of a party MGL c251 § 12(a)(4)
> other misconduct by the tribunal in granting the award (9 U.S.C.S. § 10(a)(3));

> There was evident partiality by an arbitrator appointed as a neutral ... prejudicing the
> rights of any party MGL c251 § 12(a)(4)
> the tribunal's evident partiality to one of the parties (9 U.S.C.S. § 10(a)(2));

The bases for the arguments seeking vacatur are set out already in ACE's State Court Application to vacate which is attached hereto as Exhibit 1: the Application sets forth numerous statutory bases for vacating award. As a result of a conflict of interest discovered approximately a month before trial, new counsel had to be appointed; the undersigned as Outside General Counsel was the only attorney sufficiently familiar with the facts and issues to take over the case. However, the undersigned suffered in a fall on the Ice in New England rupturing the quad tendons required to bend and support the knee. After extensive reconstructive surgery documented by the attending surgeon was submitted to the Arbitrator, who despite the impossible task of proceeding, denied the continuance. Further, hours before the hearing the Arbitrator disclosed that his firm currently serves as counsel for a guarantor of the liability of ACE. ACE's Motion to Disqualify the Arbitrator was also Denied.

3

STATE COURT BEST PLACED TO DETERMINE STATE LAW

While ACE will assert these recognized grounds in its motion to Vacate in Superior Court, the arbitration agreement raises a non-preempted question of law under the Massachusetts State Constitution. The Arbitration provision of the parties, presents issues of constitutional magnitude in that it purports to exclude judicial oversight, in any respect, of the arbitral process. The provision states that, "there shall be no appeal on any ground, including for greater certainty, any appeal on a question of law, a question of fact, or a question of mixed fact and law". (Ex 1 tab 1) ACE asserts that, as a matter of State and Federal Constitutional law, the Judiciary may not be stripped of authority to oversee the justice of procedures that the Legislature mandates they monitor. Since the agreement is governed by Massachusetts law, the interpretation of that law would best be determined initially by the State Courts.

ABSTENTION ELIMINATES CLAIM SPLITTING WOES

Claim-splitting is a "long-barred practice" in Massachusetts (and other jurisdictions). See *M.J. Flaherty Co. v. U.S. Fid. & Guar. Co.*, 61 Mass. App. Ct. 337, 339 (2004); *Puerto Rico Maritime Shipping Auth. v. Fed. Maritime Comm'n,* 75 F.3d 63, 67 (1st Cir. 1996). *Forgione v. Trustees of Boston University*, Dist. Court, D. Massachusetts (2013)

"The rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 275 Fed. App'x 256, 265 (4th Cir. 2008).

This Court has the authority to administer its docket and dismiss an action that is duplicative of another federal lawsuit. See, e.g., *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts,... though no precise rule has evolved, the general principle is to avoid duplicative litigation."); see also *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (explaining that the "power to dismiss a duplicative lawsuit is meant to foster judicial economy" and protect parties from "the vexation of concurrent litigation over the same subject matter").

## PRECEDENT URGES ABSTENTION

The First Circuit has developed a list of factors to consider in determining to exercise discretion to demur, factors not meant to be exclusive — for deciding when *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) "Colorado River abstention" might be appropriate.

> Courts have considered the following:
> (1) whether either court has assumed jurisdiction over a res;
> (2) the [geographical] inconvenience of the federal forum;
> (3) the desirability of avoiding piecemeal litigation;
> (4) the order in which the forums obtained jurisdiction;
> (5) whether state or federal law controls;
> (6) the adequacy of the state forum to protect the parties' interests;
> (7) the vexatious or contrived nature of the federal claim; and
> (8) respect for the principles underlying removal jurisdiction.

On the facts presented by this case, where Sunlink chose Barnstable Superior Court and has open claims against ACE and others, where that Court has accepted ACE's Application to Vacate the Award, where only questions of State law are presented and where Sunlink, during the period of time it has requested that the Superior Court action be stayed, filed the action enumerated herein on October 20th, 2015.

ACE urges this Court to decline jurisdiction, to remand this matter to the capable handling of the Massachusetts Superior Court system, who has had Jurisdiction of this matter since 2014 and where all the concerned parties remain in the Superior Court case.

Respectfully Submitted,


ROBERT K. DOWD, P.C.


/s/ Robert K Dowd
Robert K. Dowd
BBO # 132 800
Robert K. Dowd P.C.
4814 Bengal Street Unit #1
Dallas TX 75235

Telephone (214) 922-9330
robtdowd@sbcglobal.net

## CERTIFICATE OF SERVICE

I, Robert K Dowd, counsel for the Defendants American Capital Energy, Inc., hereby certify that on this date was served the foregoing

### DEFENDANT AMERICAN CAPITAL ENERGY, INC. MOTION TO DISMISS OR FOR ABSTENTION

By email and by first-class mail, postage prepaid to all counsel who have entered an appearance in this case.

Paul J. Murphy, BBO #363490
David G Thomas BBO #640854
GREENBERG TRAURIG, LLP
One International Place
Boston MA 02110
(617) 310-6063
murphyp@gtlaw.com
thomasda@gtlaw.com

Signed under the pains and penalties of perjury this 13th day of November, 2015.

ROBERT K. DOWD, P.C.

/s/ Robert K Dowd
Robert K. Dowd
BBO # 132 800
Robert K. Dowd P.C.
4814 Bengal Street Unit #1
Dallas TX 75235

Telephone (214) 922-9330
robtdowd@sbcglobal.net