# EXHIBIT 8

SUPERIOR COURT
BARNSTABLE, SS

Filed   NOV 1 2 2015

*Scott W. Nickerson*   Clerk

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss

SUPERIOR COURT
CIVIL ACTION NO.  1472CV00511

SUNLINK CORPORATION,                    )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
AMERICAN CAPITAL ENERGY, INC.;          )
ARCH INSURANCE COMPANY;                 )
BERKLEY REGIONAL INSURANCE              )
COMPANY; and BERKLEY INSURANCE          )
COMPANY,                                )
                                        )
        Defendants.                     )
                                        )

**EMERGENCY MOTION OF PLAINTIFF SUNLINK CORPORATION
TO STRIKE DEFENDANT AMERICAN CAPITAL ENERGY, INC.'S
APPLICATION TO VACATE ARBITRATION AWARD[1]**

        Pursuant to Superior Court Rule 9A(e)(1), and 9A(b)(4), Plaintiff SunLink Corporation

("SunLink") hereby moves to strike a document styled "Application to Vacate Arbitration

Award" that reportedly was filed by Defendant American Capital Energy, Inc. ("ACE") with this

Court on or about November 5, 2015 (the "Motion").[2] In further support of its Motion to Strike,

SunLink submits herewith the Affidavit of Paul J. Murphy ("Murphy Aff."), and further states as

follows:

---

[1] SunLink's motion addresses only the procedural defects associated with Defendant ACE's Motion to Vacate apparently filed with Court on November 5, 2015.  To the extent the Court does not strike ACE's Motion, SunLink reserves the right to oppose ACE's Motion on the merits (or lack thereof).  Considering that ACE neglected to serve the Motion pursuant to Superior Court Rule 9A (but rather asserts that the court "ruled" that the Motion be filed), and no motion appears on the Court's docket nor has SunLink received any notice from the Court, SunLink files this Motion to Strike on an emergency basis as SunLink cannot determine how SunLink should respond to the Motion and when. *See* Murphy Aff., Exs. B & C.

[2] The copy of ACE's Motion received by SunLink's counsel on November 5, 2015 has no date on it; nor is there any date set forth on what purports to be the "Certificate of Service" delivered with ACE's Motion. *See* Murphy Aff., Ex. A.

RELEVANT PROCEDURAL BACKGROUND

This action was commenced on October 21, 2014, effectively, as a provisional remedy under G.L. c. 149, § 29, G.L. c. 254, § 14, and/or the Common Law. It relates exclusively to claims brought by SunLink against certain surety bonds issued by Defendant Berkley Insurance Company ("Berkley") and Defendant Arch Insurance Company ("Arch"). ACE is named as a defendant in this action only insofar as it is listed as the "Principal" on each of the surety bonds at issue. The action was brought without prejudice to, nor waiver of, a *prior* arbitration proceeding commenced by SunLink against ACE before the American Arbitration Association in Boston, Suffolk County, Massachusetts (the "Arbitration Proceeding").

This Court allowed the parties to immediately stay this action pending SunLink's prosecution of the Arbitration Proceeding, and to the extent SunLink prevailed and needed to exercise its rights to recovery under the bonds. *See* Murphy Aff., Ex. D. The most recent ruling of any kind received by SunLink is the Court's Order dated November 3, 2015 requiring a further status report to be filed with the Court on or before December 18, 2015. *See* Murphy Aff., Ex. E. The Court's docket indicates that the "case status" remains "Activity Suspended." *See* Murphy Aff., Ex. C.

On October 6, 2015, a Final Award was entered in the Arbitration Proceeding in favor of SunLink against ACE. A full and complete copy of the Final Award was previously provided to the Court by SunLink with its Status Report dated October 14, 2015. *See* Murphy Aff., Ex. G. On October 20, 2015, SunLink filed a Verified Petition to Confirm the Arbitration Award (the "Petition") against ACE in the United States District Court for the District of Massachusetts (Burroughs, J.). *See* Murphy Aff., Ex. H. A complete copy of the Petition was emailed on October 21, 2015 to ACE's counsel, Mr. Robert Dowd. *See* Murphy Aff., Ex. I. SunLink

2

formally served ACE with its Verified Petition filed in the federal court on October 27, 2015.

*See* Murphy Aff., Ex. J.  ACE's answer is due to be filed November 17, 2015.

ARGUMENT

This Court should strike ACE's Motion for the following reasons:

## I.   PRIOR PROCEEDING PENDING IN FEDERAL COURT/IMPROPER FORUM.

ACE should not be allowed to forum shop and ignore the jurisdiction of a federal court.

SunLink filed (and served) its Verified Petition to Confirm Arbitration Award in the United

States District Court for the District of Massachusetts, well before ACE apparently filed its

Motion in this Court.   ACE's arguments to vacate the arbitration award need to be brought to

the District Court.   Otherwise, if the District Court confirms the Award, which it should, this

Court will then be in a position where it is being asked to take a position exactly contrary to that

judgement.  Principles of comity alone require that ACE's Motion be stricken.

**In addition, the Arbitration Proceeding dealt with separate and different causes of**

**action against ACE that were never raised in the stayed action before this Court.**   The

main defendants in this action (Berkley and Arch) were not even parties to the Arbitration

Proceeding. *See* Murphy Aff., Ex. F.  Moreover, the bonds at issue in this proceeding do not

cover all of the construction projects at issue in the Arbitration Proceeding.  Put simply, the

provisional remedy sought by SunLink in this case is only tangentially related to the award ACE

requests this Court to vacate.  All of the projects, causes of action, and parties to the award are

properly before the District Court.   Consequently, interests of judicial economy and avoidance

of piecemeal adjudication support striking ACE's Motion.

3

## II.   IMPROPER VENUE UNDER MASSACHUSETTS UNIFORM ARBITRATION ACT.

The Massachusetts Uniform Arbitration Act could not be clearer as to the proper venue

for filing an application to vacate an arbitration award:

> An initial application shall be made to the superior court for the
> county in which the agreement provides the arbitration hearing
> shall be held or, if the hearing has been held, in the county in
> which it was held. *See* Mass. Gen. Laws c. 251, § 17.

The Arbitration Hearings were held – as required by the parties' agreement – in

Boston, which is in Suffolk County. As a result, even if ACE could somehow simply

ignore the prior federal proceeding filed by SunLink, ACE's Motion would have to be

filed in Suffolk Superior Court, not in Barnstable. Accordingly, ACE's Motion should be

struck.

## III.   FAILURE TO COMPLY WITH SUPERIOR COURT RULE 9A.

Superior Court Rule 9A is a staple for motion practice in Superior Court. Applications

under the Massachusetts Uniform Arbitration Act shall be made by "motion" pursuant to Rule

9A. *See Cybulski v. Vaianai*, 75 Mass. App. Ct. 382, 383 n.2 (2009)(approving a party's

compliance with Rule 9A when serving a motion to confirm an arbitration award). A court need

not consider any motion failing to comply with Rule 9A. Sup. Ct. R. 9A(b)(6). Unquestionably,

ACE did not comply with Rule 9A when filing its Motion.[3] Consequently, this Court should

sanction ACE, as contemplated by Rule 9A(b)(6) and not consider ACE's Motion.

---

[3] Nor can ACE credibly argue that it filed an emergency motion under Rule 9A(e). Not only did ACE fail to articulate any emergent circumstances in its Motion, ACE cannot make its own emergency to avoid complying with Rule 9A. *Demoulas v. Demoulas*, 432 Mass. 43, 52, fnt. 5 (2000). If ACE intended to file a motion to vacate in Superior Court, ACE should have followed Rule 9A instead of waiting the last possible moment to file its Motion.

4

WHEREFORE, for all the foregoing reasons, and fully reserving its rights to oppose ACE's Motion on the merits (or lack thereof) in this or any other forum, SunLink respectfully requests that the Court strike ACE's Motion.

Respectfully submitted,

SUNLINK CORPORATION,
Claimant,

By its attorneys,

Paul J. Murphy (BBO # 363490)
David G. Thomas (BBO # 640854)
Greenberg Traurig, LLP
One International Place
Boston, MA  02110
Tel: 617-310-6000
Fax: 617-310-6001

Dated:  November 12, 2015

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail by hand by email and regular mail on  11/13/15

LA 132373523v3

# EXHIBIT 9

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS.

|  |  |
|---|---|
| SUNLINK CORPORATION <br> Plaintiff, | : SUPERIOR COURT CIVIL ACTION <br> : No. 1472 CV 00511 <br> : <br> : <br> vs.         : <br> :     **OPPOSITION OF DEFENDANT** <br> AMERICAN CAPITAL ENERGY, INC.    :   **AMERICAN CAPITAL ENERGY INC.** <br> ARCH INSURANCE COMPANY,       :    **TO PLAINTIFF'S EMERGENCY** <br> BERKLEY REGIONAL INSURANCE    :            **MOTION** <br> COMPANY; and BERKLEY INSURANCE   : <br> COMPANY                        : <br> : <br> Defendants               : <br> : |

The Defendant American Capital Energy, Inc. (ACE), opposes the Emergency Motion of the Plaintiff Sunlink Corporation (Sunlink).

1. Sunlink chose the Barnstable Superior Court to commence its claims against the four Parties. The case was stayed by agreement of the Parties pending arbitration.

2. In Status reports to this Court, Sunlink filed the arbitration award and requested a stay of any action until November 6, 2015. In ACE's status report, ACE advised the Court, in compliance with precedent, that ACE would be filing a Motion to Vacate the award in this Court, as required by the authority of *Cybulski v Vaiani* Mass App Ct 382 (2009*).

3. Sunlink then forum shopped part of the case against ACE in a new action in Massachusetts Federal District Court.

4. ACE, per status report, filed it's Application to Vacate the Award in Barnstable Superior Court and ACE also moved for an order of dismissal of the Federal District Court action citing in part a Massachusetts Court of Appeals case which mandated that any confirmation, vacation or modification of the Arbitral Award must be filed in the original Superior Court litigation.

5. Sunlink's effort to break off a part of this case for special adjudication in a different forum runs directly counter to established Massachusetts Appellate precedent and should not be countenanced.

Wherefore ACE urges that the Emergency Motion be DENIED.

Respectfully Submitted
Attorneys for American Capital Energy, Inc.,

ROBERT K. DOWD, P.C.

Robert K. Dowd
BBO # 132 800
Robert K. Dowd P.C.
4814 Bengal Street Unit #1
Dallas TX 75235
Telephone 214-922-9330
robtdowd@sbcglobal.net

CHARLES W. COBB

Charles W. Cobb
BBO # 541 826
Silver Lake Legal
303 Wyman Street Suite 300
Waltham MA 02451
Telephone 978-979-1223
ccobb@silverlakelegal.com

Dated November 23, 2015

2

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS.

| | |
|---|---|
| SUNLINK CORPORATION<br>    Plaintiff, | : SUPERIOR COURT CIVIL ACTION<br>: No. 1472 CV 00511<br>: |
| vs. | : |
| AMERICAN CAPITAL ENERGY, INC.<br>ARCH INSURANCE COMPANY,<br>BERKLEY REGIONAL INSURANCE<br>COMPANY; and BERKLEY INSURANCE<br>COMPANY | : MEMORANDUM OF DEFENDANT<br>: AMERICAN CAPITAL ENERGY INC.<br>: OPPOSING EMERGENCY MOTION<br>: |
|     Defendants | : |

This Court already has jurisdiction over the parties and the claims because Sunlink Corporation (Sunlink) filed its original complaint in this Court and sought this Court's ruling to compel arbitration. Sunlink's effort to shop one element of the case against one party, American Capital Energy, Inc. (ACE) to another Court should not be countenanced.

FACTS

Sunlink commenced this action in Barnstable Superior Court against four defendants ACE, Arch Insurance Company, Berkley Regional Insurance Company and Berkley Insurance Company on October 21, 2014. The Superior Court action was stayed by virtue of the Court's endorsement of a joint motion to stay filed by all parties on January 5, 2015.

Sunlink commenced arbitration against ACE in a dispute over payments on nine separate projects constructed by the Defendant, part of which included some of the Plaintiff's equipment. Motions by the other Superior Court defendants to intervene in the arbitration were denied.

1

These projects have spawned eight separate Superior Court lawsuits. (In Barnstable County, this action as well as four other actions by Old Castle Precast Inc., subcontractors of Sunlink, in Dukes County, by Old Castle and an additional action in Middlesex County between ACE and the owners of the solar arrays).   The Defendant, ACE, has reached settlement and has paid numerous invoices claimed in the arbitration by the Plaintiff and is in negotiations with the bonding companies, one of which has paid Sunlink in full and provided releases. (*Exhibit 12 to ACE's Application*) On October 6, 2015 the arbitrator entered a final order in the arbitration which neglected to credit the payments made by ACE resulting in a partial award amount.

On October 14, 2015 Sunlink filed its Status Report in this Superior Court action and in its report, wrote:

> "Sunlink reached a settlement with Berkley with respect to Sunlink's bond claims on the four Berkley insured projects which are the subject of this action, Dennis, Barnstable, Brewster and Chatham, respectively.   Sunlink is presently negotiating with Arch concerning the bond claims Sunlink has brought on the remaining projects at issue in this litigation, Harwich and Eastham... The settlement with Berkley, however and any settlement, partial or otherwise, Sunlink is able to reach with Arch will necessarily impact the remaining litigation in this case. (Ex 2 at 3)"

> "In light of the foregoing, Sunlink hereby respectfully request until November 6, 2015 to attempt to conclude settlement discussions with Arch, to report back to the Court as to the status of the case." *See Exhibit "2" of Exhibit "B" and Affidavit of Robert K Dowd*

ACE reported in its Status Report to the same Superior Court on October 15, 2015, that it would be filing with said Superior Court an Application to Vacate the Arbitrator's Award based on MGL c 251 Section 12 (b). *See Exhibit "3" of Exhibit "B" and Affidavit of Robert K Dowd.*

On November 5, 2015, the undersigned appeared at the Barnstable Superior Court to file the Application to Vacate the Arbitration Award.   The Assistant Clerk and the Clerk reviewed the Application, the Status Reports and Chapt. 251 and determined that the Application should be noted as an Emergency Matter and brought to the Judge's attention.   The Clerk's Office

2

personnel outside the presence of the undersigned delivered the case file and Motion to the presiding civil Judge, who correctly followed precedent and directed the Application be filed in the Barnstable Superior Court of Original Jurisdiction. *See Exhibit "B" and Affidavit of Robert K Dowd.*

Sunlink requested until November 6, 2015 to report back to the Superior Court with the status of the case, which conveniently is only one day after the Massachusetts statute governing the filing of Applications to Vacate awards MGL c. 251 Section 12 (b) must be filed. Applications must be made within 30 days of receipt of the award. The Arbitrator's Award issued October 6, 2015, ACE filed its Application to Vacate in Superior Court on November 5, 2015.

In the meantime, without notice to this Court, which had established jurisdiction over the dispute, Sunlink commenced a separate action in Federal Court in Boston styled, *Sunlink Corporation v American Capital Energy, Inc.* Civil Action No. 1:15-CV-13606-ADB, seeking to engage another Court to determine part of this claim. ACE has filed Motions to Dismiss said Federal action with supporting memoranda which are attached as *Exhibit "B"*

During the 30 days for its response to the award, ACE was put to the time and effort of responding to the Federal action with a Motion to Dismiss based on clear precedent of the case, *Cybulski v Vaiani* Mass App Ct 382 (2009). *See Exhibit "A"* The attorneys for Sunlink who were granted by the Arbitrator over $700/hour for time spent on the matter, failed to honor the precedent established in *Cybulski v Vaiani*, which mandated that confirmation, vacating or modification of an Arbitrator's award must be filed in the original Superior Court forum and may not be commenced in a separate action for those purposes.

## CLEAR PRECEDENT MANDATES CURRENT VENUE AS EXCLUSIVE

Massachusetts precedent dictates that "the parties must file their application for confirmation, vacation, or modification of the arbitral award in the original Superior Court litigation and may not commence a separate action for those purposes". *Cybulski vs. Vaiani* The Appeals Court considered the premises and purposes of the Arbitration Act GL c 251 and determined the case once brought in Superior Court, may not be brought in another.

The Court interpreted the statute to say that with respect to disputes about the scope of arbitration:

> "It assigns the determination of arbitrability to the Superior Court hosting the existing litigation. At least two factors support that directive. First, the parties are already engaged in that court and should not have to undertake an additional action. Second, that court's familiarity with the existing action should assist its decision of arbitrability."

The Appeals Court went on to say:

> "The same factors support the return of the arbitration outcome to the same Superior Court action after arbitration. The parties are already engaged in the still-open case. Their dispute will have created a record accessible and informative, and perhaps already familiar, to judges in the session. The **mandatory retention of judicial review of the arbitral decision in the existing lawsuit** would extend the policy". (Emphasis supplied)

If valid reasons support judicial review by a different court, the Barnstable Superior Court was the place to make such an argument, leaving the decision to the "neutral management of a judge rather than leave it to the adversary strategies of a party". (*Cybulski v. Vaiani*). ACE has moved for Federal Court to Dismiss from hearing this case since Sunlink filed first in Barnstable Superior Court. *See Exhibit "B"*

## JUSTIFIED NEED TO RESPOND TO IMPROPER FEDERAL ACTION AND UNCERTAIN APPLICABILITY OF MOTION PRACTICE RULES SUPPORT ACE POSITION

The Massachusetts Arbitration act GL c 251 §12 is clear that Applications to Vacate arbitral awards must be filed within 30 days of the receipt of the award. ACE received the challenged award on October 6 and filed its Application with the Barnstable Superior Court Clerk's office on November 5. The Court ordered the Application to Vacate to be filed as noted *Supra. See Exhibit "B" Affidavit of Robert K Dowd.*

During those 30 days, ACE was put to the effort of responding to a brand new Federal lawsuit filed by Sunlink. As the Court noted in *Cybulski v. Vaiani* with the opening of a second litigation front, "the second action imposes redundant work". The statutory objective of the Massachusetts Arbitration act is "to minimize litigation not to multiply it". Claim splitting is a "long-barred practice" in Massachusetts (and other jurisdictions") See *M.J. Flaherty Co. v. U.S. Fid. & Guar. Co.*, 61 Mass. App. Ct. 337, 339 (2004); *Puerto Rico Maritime Shipping Auth. v. Fed. Maritime Comm'n*, 75 F.3d 63, 67 (1st Cir. 1996). *Forgione v. Trustees of Boston University*, Dist. Court, D. Massachusetts (2013)

"The rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 275 Fed. App'x 256, 265 (4th Cir. 2008). Sunlink's shopping part of this case to the Federal forum exemplifies claim splitting and should be rejected.

Section 15 of the Massachusetts Arbitration Act GL c 251 provides that Applications to the Court shall be by motion *except as otherwise provided.* (Emphasis supplied) For instance under Section 15, an "initial application for an order" shall be served in the manner... of an original writ of summons. The statutory deadline for Applications to vacate is set out separately in sections 12 and 13 and is clearly subject to a 30 day deadline (which ACE complied with).

The fully expanded timeline under the 9A regimen could require the drafting and service of the Application to Vacate within five days of receipt of the award in order to meet the 30 day cutoff.

ACE, therefore, notes that it does not have to comply with the Motion to the extent that 9A is even applicable, and relief from the 9A requirements for serving the Application and Opposition bundle due to the exigent need to respond to the claim splitting Federal pleadings. The fact that the current forum, Barnstable Superior Court is the only proper forum under Massachusetts law, that Sunlink will suffer no prejudice and can file its response in the proper forum with ACE's assent should be noted by the Court.

The Massachusetts Arbitration Act aims to provide for swift execution of the parties' agreement. Opening other cases in other forums, is not only prohibited claim splitting, it contravenes direct precedent and the Arbitration Act's statutory purpose.

Respectfully Submitted
Attorneys for American Capital Energy, Inc.,

ROBERT K. DOWD, P.C.                          CHARLES W. COBB

Robert K. Dowd                                Charles W. Cobb
BBO # 132 800                                 BBO # 541 826
Robert K. Dowd P.C.                           Silver Lake Legal
4814 Bengal Street Unit #1                    303 Wyman Street Suite 300
Dallas TX 75235                               Waltham MA 02451
Telephone 214-922-9330                        Telephone 978-979-1223
robtdowd@sbcglobal.net                        ccobb@silverlakelegal.com

Dated November 23, 2015

<u>CERTIFICATE OF SERVICE</u>

I Charles W. Cobb co-counsel for the Defendants American Capital Energy, Inc., hereby certify
that on this date was served the foregoing

### OPPOSITION AND MEMORANDUM OF LAW
### OF DEFENDANT AMERICAN CAPITAL ENERGY INC.
### TO PLAINTIFF'S EMERGENCY MOTION

By email and by first-class mail, postage prepaid to all counsel who have entered an appearance
in this case.

Paul J. Murphy, BBO #363490                 John P. Connelly,  BBO #546970
David G Thomas BBO #640854                  Jonathan T. Elder BBO #654411
GREENBERG TRAURIG, LLP                      Hinckley Allen
One International Place                      28 State Street
Boston MA 02110                             Boston, MA 02109-1775
(617) 310-6063
murphyp@gtlaw.com                           617.345.9000
thomasda@gtlaw.com                          jconnelly@hinckleyallen.com
                                            jelder@hinckleyallen.com

Timothy Norton
Kelly Remmel & Zimmerman
53 Exchange Street  P O Box 97
Portland MA 04112-0597

Signed under the pains and penalties of perjury this 23rd day of November, 2015.

ROBERT K. DOWD, P.C.

Robert K. Dowd
BBO # 132 800
Robert K. Dowd P.C.
4814 Bengal Street Unit #1
Dallas TX 75235
Telephone 214-922-9330
robtdowd@sbcglobal.net

# EXHIBIT 10

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS.

|  |  |
|---|---|
| **SUNLINK CORPORATION**<br>Plaintiff, | : SUPERIOR COURT CIVIL ACTION<br>: No. 1472 CV 00511<br>: |
| vs. | : |
| **AMERICAN CAPITAL ENERGY, INC.**<br>And **ARCH INSURANCE COMPANY,** | :   **STATUS REPORT OF DEFENDANT**<br>:   **AMERICAN CAPITAL ENERGY INC.** |
| Defendants | : |

Now comes the Defendant American Capital Energy, Inc. (ACE), in response to the Order of Rufo, J, that the parties provide an update for purposes of Status Review of the Docket.

This Superior Court lawsuit is one of many actions arising out of the installation of solar arrays, under separate contracts, on eleven locations in Barnstable, Dukes and Plymouth Counties. ACE served as the general contractor.

Litigation has been commenced between ACE and the Developer, *ACE v Redwood Solar Development LLC* and its bonding company *Westchester Fire Insurance Company* Barnstable Superior Court Docket No 0115 00041375 which has been referred to Arbitration concerning payment obligations of the Owner to ACE and to subcontractors.

Middlesex County Superior Court Docket number 14 81 CV 8297 *ACE v CV CVEC Owner One LLC* concerning ACE's rights to SRECS, renewable energy credits generated by the projects, has also been referred to arbitration consolidated with the arbitration proceeding involving ACE and Redwood. That action has been referred to arbitration between the parties had been commenced but not concluded.

There are lawsuits filed (four in Barnstable County and one in Dukes County) by Subcontractor *Old Castle v Sunlink and ACE* which have been partially settled with payments to plaintiff Old Castle by ACE but due to assignments of claims the cases are not finally resolved between all parties.

ACE concurs with so much of the Status report of Sunlink that the case should be stayed until November while additional settlements are being negotiated but would request November 15, 2015 as the further date for status reports to the Court.

EXHIBIT

**3**

**Arbitration ACE – Sunlink Corporation**

As between ACE and its subcontractor SunLink Corporation, parties in the current action, an Award in favor of SunLink was entered on October 6, 2015. There have been a number of settlements which will have effects on this award which were completed prior to October 6, 2015.

One of two Sureties, with payment bond obligations has settled with SunLink and ACE anticipates the need for adjudicatory clarification of the allocation of setoffs from such settlement.

ACE expects to file in Superior Court, a Motion to Vacate based on MGL c. 251 Section 12 especially

Subsection (4) which provides that "the court shall vacate an award if… (4) the arbitrators refused to postpone the hearing upon sufficient cause being show therefor…so… as to prejudice substantially the rights of a party."

Seven weeks prior to the Arbitration Hearing, outside General Counsel and trial counsel for ACE, had major reconstructive surgery with a significant recuperation period documented by his physician. The documentation was submitted with a requested a continuance of the hearing. Despite the fact that the arbitrator found that this was a significant case with "thousands of paper and electronic documents", "(often disputed) discovery, seven days of hearings, and, finally, post hearing briefings" the Arbitrator who awarded in excess of $1.5 million in attorney's fees, however did not permit the continuance for proper preparation by ACE's trial counsel

Motions were filed by Berkley and Arch, the Sureties, to intervene as parties in the Arbitration, conditioned upon a continuance, all of which was denied by the Arbitrator.

ACE agrees with the Plaintiff Sunlink that a further status update to the court in November would likely reveal a much clearer picture of the scope of further proceedings between the parties in this case.

**Matters Not Subject to Arbitration**

SunLink and ACE arbitrated disputes in nine of the eleven projects they worked on under separate contracts. Two of the projects in Mashpee and Duxbury were performed under contracts without an arbitration agreement and were specifically excluded from the Arbitration proceeding. Claims by ACE against Sunlink for work quality problems are anticipated to be the subject of a counterclaim in this Superior Court action.

ACE requests that the court issue an order to hold the case in abeyance until November 15, 2015 at which time further status reports be submitted to the court.


Respectfully Submitted
Attorneys for American Capital Energy, Inc.,


ROBERT K. DOWD, P.c.                    CHARLES W. COBB


Robert K. Dowd                          Charles W. Cobb
BBO # 132 800                           BBO # 541 826
Robert K. Dowd P.C.                     Silver Lake Legal
4814 Bengal Street Unit #1              303 Wyman Street Suite 300
Dallas TX 75235                         Waltham MA 02451
 (978) 221-2000
robtdowd@sbcglobal.net                  (978) 979-1223
                                        ccobb@silverlakelegal.com

October 15, 2015
dated

### CERTIFICATE OF SERVICE

I Charles W. Cobb co-counsel for the Defendants American Capital Energy, Inc., hereby certify that on this date was served the foregoing

### STATUS REPORT OF DEFENDANT
### AMERICAN CAPITAL ENERGY, INC.

By email and by first-class mail, postage prepaid to all counsel who have entered an appearance in this case.

Paul J. Murphy, BBO #363490
David G Thomas BBO #640854
GREENBERG TRAURIG, LLP
One International Place
Boston MA 02110
(617) 310-6063
murphyp@gtlaw.com
thomasda@gtlaw.com

John P. Connelly,  BBO #546970
Jonathan T. Elder BBO #654411
Hinckley Allen
28 State Street
Boston, MA 02109-1775

617.345.9000
jconnelly@hinckleyallen.com
jelder@hinckleyallen.com

Timothy Norton
Kelly Remmel & Zimmerman
53 Exchange Street  P O Box 97
Portland MA 04112-0597

Signed under the pains and penalties of perjury this 15th day of October, 2015.

ROBERT K. DOWD, P.c.

CHARLES W. COBB

Robert K. Dowd
BBO # 132 800
Robert K. Dowd P.C.
4814 Bengal Street Unit #1
Dallas TX 75235

(978) 221-2000
robtdowd@sbcglobal.net

Charles W. Cobb
BBO # 541 826
Silver Lake Legal
303 Wyman Street Suite 300
Waltham MA 02451

(978) 979-1223
ccobb@silverlakelegal.com

# EXHIBIT 11

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS.                          SUPERIOR COURT
                                         Case No. 1472CV511

*******************************

SUNLINK CORPORATION, et al,
            Plaintiffs,

vs.

AMERICAN CAPITAL ENERGY INC.,
et al,
            Defendants.

*******************************

MOTION HEARING

BEFORE THE HONORABLE GARY A. NICKERSON,
ASSOCIATE JUSTICE OF THE SUPERIOR COURT

January 26, 2016
Barnstable, Massachusetts

Second Session

APPEARANCES

FOR THE PLAINTIFFS:     PAUL J. MURPHY, ESQ., and
                        DAVID G. THOMAS, ESQ.
                        Greenberg Traurig
                        One International Place
                        Boston, MA  02110
                        617-310-6063

FOR THE DEFENDANTS:     ROBERT K. DOWD, ESQ.
                        4814 Bengal Street, Unit 1
                        Dallas, TX  75235
                        214-922-9330

1    Barnstable, Massachusetts

2    January 26, 2016

3    (REPORTER'S NOTE:  If this transcript contains quoted

4    material, such material is reproduced as read or quoted by the

5    speaker.  "Uh-huh" or (Nods.) denotes an affirmative response;

6    "Unh-unh" or (Shakes head.) denotes a negative response.

7    "[Ph]" denotes a phonetic spelling, and "[sic]" denotes "as

8    read or spoken by the speaker.")

9

10   * * * P R O C E E D I N G S * * *

11   (2:08 p.m.)

12   THE CLERK:  Good afternoon.  Interlocutory matters

13   on for hearing January 26, 2016, the Honorable Gary A.

14   Nickerson presiding.  Civil Docket Number 14-511, SunLink

15   Corporation versus American Capital Energy, et al.  Here on

16   emergency motions to strike and motion to vacate arbitration

17   award.

18   And, counsel, will you please identify.

19   ATTY. THOMAS:  David Thomas representing SunLink,

20   your Honor.

21   ATTY. MURPHY:  Paul Murphy, your Honor, good

22   afternoon, representing SunLink Corporation, plaintiff.

23   ATTY. DOWD:  Robert Dowd, your Honor.  Excuse, I

24   have a partial paralysis of the vocal cord, but I live in

25   Texas and I live in South Yarmouth.  I'm the outside general

1    counsel for --

2           THE COURT:  Texas and South Yarmouth?

3           ATTY. DOWD:  Yes, your Honor.  For 50 years.  Except

4    for I didn't get the weather right this time.

5           THE COURT:  Oh, compared to last January, you got it

6    just swell.  The end of January last year wasn't very pretty

7    up here.

8           ATTY. DOWD:  If I could raise a question,

9    your Honor.  At the start here, I heard from the clerk saying

10   that you were going to be hearing the motion to strike and the

11   motion to vacate today.

12       My understanding is the only thing on today was the

13   motion to strike.  I was trying to get the motion to vacate

14   placed on the record, but I couldn't get an agreement as to a

15   hearing date on it from there.

16          ATTY. THOMAS:  And that's our understanding as well,

17   your Honor.

18          THE CLERK:  Okay.

19          ATTY. THOMAS:  It's just the motion to strike.

20          THE CLERK:  Yeah.  Okay.  I -- I misread it.

21   Plaintiff's opposition to the motion to vacate the arbitration

22   award is Paper Number 23.  So it's the motion to strike, with

23   opposition.

24          ATTY. DOWD:  Thank you.

25          THE CLERK:  Thank you.

1           THE COURT:  And why aren't we hearing it all at

2  once?

3           ATTY. DOWD:  I would like to, but now I'm not

4  prepared to do it today.

5           ATTY. THOMAS:  The premise of the emergency motion

6  to strike the application to vacate is that a federal court is

7  dealing with the issues.

8           THE COURT:  Okay.

9           ATTY. THOMAS:  So that though we're seeking it, we

10  don't want to have the Court hear the motion to vacate the

11  award; it's already a pending proceeding in federal court.

12           THE COURT:  Okay.  Who's the moving party?

13           ATTY. THOMAS:  SunLink is the moving party,

14  your Honor.

15           THE COURT:  I'll hear you.

16           ATTY. THOMAS:  Thank you, your Honor.

17     Your Honor, I would like to address two areas or topics.

18  First, I would like to give you a brief summary of sort of the

19  salient facts.  I realize the record is big.  And then I'll

20  describe how the facts sort of dictate why the Court shouldn't

21  grant our motion to strike the application to vacate.  With

22  the Court's permission.

23           THE COURT:  Sure.

24           ATTY. THOMAS:  Back in October of 2013, ACE, which

25  is a general contractor, and SunLink agreed to certain sales

1   contracts.   SunLink is a provider of -- essentially, it's

2   solar racking systems for the various projects on Cape Cod and

3   the islands.

4        Contracts are executed and part of the -- part of the

5   actual relationship is that ACE had to place payment bonds to

6   guarantee payment under these material supply contracts.

7        In mid-2014, however, ACE had not fully paid under the

8   contract.   SunLink's owed roughly $7 million.

9        The sales contracts themselves have an arbitration

10  provision, so on October 20, 2014, SunLink files an

11  arbitration demand with the AAA, per the contracts.   SunLink

12  doesn't have to file an action in court to compel arbitration.

13  ACE responds dutifully to the AAA demand.

14       The next day, on the 21st of 2014, SunLink files two

15  lawsuits, one in this court and one in Dukes County.   They're

16  filed per the terms of the bonds themselves and pursuant to

17  General Law 149, Section 29, which is the Massachusetts

18  payment bond statute.   There are --

19            THE COURT:   Time's running on those.

20            ATTY. THOMAS:   Correct.  Had to file them, get them

21  in -- get them on file.   In the actual complaint itself, it

22  indicates the arbitration proceeding is pending, we're filing

23  these just as a placeholder.   The only claims in these

24  proceedings are, essentially, under the bonds.   The only issue

25  is what the sureties have to pay under the bonds.   Obviously,

1   ACE does not pay.

2       Again, no motion to compel arbitration is filed.  The

3   arbitration demand is submitted prior to filing these

4   proceedings and the parties immediately stay these proceedings

5   by agreements as a result.

6       ACE is only named as a principal on the bonds, common

7   filings, of course, in these types of construction contracts.

8   And, again, the only issue is payment of the bonds.  There are

9   no substantive claims brought in these actions against ACE.

10  Those were, by agreement, brought in the arbitration

11  proceeding.

12      Fast forward to May 2015.  The parties have their

13  arbitration:  Seven days of proceedings; 10 witnesses; many,

14  many exhibits.  The venue for that arbitration, by contract,

15  is in Boston.  We actually held it at our offices.

16      August 18, 2015, the arbitrator issues a partial final

17  award in favor of SunLink, awarding roughly $7.8 million in

18  damages, plus interest, on the contract claims, a little bit

19  over a million on Chapter 93A claims, and the arbitrator asked

20  SunLink to submit a fee application under 93A for fees and

21  costs.  SunLink does that.  ACE opposes.

22      On October 6, 2015, the arbitrator issues a final award

23  revitalizing the partial final on the contract damages and 93A

24  damages, but also awarding 1.2, roughly, million in fees and

25  in costs.

1       And in the award itself, and this is contained within our

2   filings, the arbitrator states that SunLink will not be

3   awarded any fees relating to, quote, two superior court cases

4   against ACE -- which will include this one -- and its sureties

5   to preserve and perfect claims under the payment bonds.

6       While I understand the rationale for filing the cases,

7   which are stayed pending arbitration, I do not believe the

8   activity proximately related to the Chapter 93A claim and

9   award, generally the arbitration.

10      So at that point, the parties have various options.  ACE

11  has actually three options at that point in time.

12      We have a final award for arbitration.  ACE can pay the

13  award, which obviously ACE did not do.  Or ACE can file, per

14  General Law 251, Section 17, an application to vacate that

15  award in Suffolk Superior Court.  That's where the Mass.

16  Arbitration Act lays venue.  Or, because the parties are

17  diverse, ACE could have gone to federal court.

18      At the same time, SunLink's presented with two options.

19  File in Suffolk Superior.  Go to federal court, based on

20  diversity under the diversity statute, 28 USC 1332.

21      Here's what happens.

22      October 20, 2015, which is actually, frankly, a year

23  after the arbitration demand was submitted, SunLink submits a

24  petition to the federal court in Boston, per the diversity

25  statute, to enforce the award.

1    The next day, counsel -- Mr. Murphy -- sends Mr. Dowd an

2    e-mail saying, "Here's the petition.  Would you like to accept

3    service?"

4    On the 27th, we actually have to serve ACE with the

5    petition.  And at that point, the federal court's got

6    jurisdiction over whether the award should be confirmed or

7    otherwise.

8    Then on November 5, 2015, instead of filing a petition

9    for miscellaneous action and an application in Suffolk

10   Superior Court for the Mass. Arbitration Act, ACE submits its

11   emergency application in this court, in the bond proceeding.

12   Again, not in Suffolk Superior Court.

13   Those are the operative facts.  We think the Court should

14   grant the motion to strike the motion to vacate filed in this

15   court for a few reasons.

16   First of all, SunLink chose federal court to deal with

17   this dispute, and did so lawfully.  There's no gamesmanship.

18   Certainly, a party has a choice to file in state or federal,

19   and a diverse party can choose federal.

20   Frankly, if ACE had filed the petition and application in

21   Suffolk Superior Court, SunLink would have removed to federal

22   court anyway, based on diversity grounds.

23   That was done lawfully.  If there was a race to the

24   courthouse, SunLink won that raise.

25   Allowing ACE to sort of make an end-run around the

1    federal court filing and 28 USC 1332 really undermines the

2    federal statute and the issue of diversity.

3         We don't think ACE can seek substantively, under the

4    circumstances, to vacate award, which is pending in federal

5    court, for various reasons.  Again, statutory bond action.

6         This proceeding doesn't even deal with all of the bonds,

7    your Honor.  There's other bonds at issue.  This only deals

8    with a certain number of the projects.

9         It does not deal with any of the claims against ACE that

10   were brought in the arbitration.  There were just provisional

11   bond claims.

12        And, as an aside, SunLink, since filing, has settled --

13   there's two sureties.  There's Berkley and there's Arch.

14   SunLink has settled the bond claims with the Berkley group

15   completely, so they will be dismissed from the litigation.

16        In addition, SunLink has a partial settlement with Arch;

17   and Mr. Connelly is here representing Arch.  And that partial

18   settlement deals with a good deal of the money that's owed

19   under those bonds.  And we will reserve some part of that

20   later, to deal with if we can't resolve it.

21        But, as we understand it, based on an e-mail by

22   Mr. Connelly, Arch is going to pay a good amount of what's

23   owed under the bonds on February 12, 2016.  So, obviously,

24   that narrows the bond claims in this case.

25        We don't think that a party can use as a toe hold

1   149 Section 29 for the bond filing to defeat diversity

2   jurisdiction in this case.  We don't think Section 29

3   contemplates that.  We're aware of no case in the commonwealth

4   that allows a party to do that.

5       Essentially what ACE is arguing is just because there is

6   a contract transaction, there's a construction dispute, anyone

7   that deals with a bond claim cannot possibly be brought in

8   federal court.  That's, essentially, what their argument says

9   if you grant the logical -- the logic degree at the end.

10      ACE does cite a case called Cybulski, your Honor, from

11  the Appeals Court.  You see this in the papers.  That case

12  dealt with something completely different.

13      In that case, the parties sued each other in superior

14  court.  In the context of the lawsuit, they agreed to binding

15  arbitration, and then the issue became where do they file the

16  motion to enforce the award and the Appeals Court said, well,

17  you should file it in the case if you agreed to it, and

18  obviously that's not the case here.

19      We have a preexisting arbitration.  We have an

20  arbitration contract.  That wasn't at stake in Cybulski.  And

21  there's no indication in Cybulski that the parties were

22  diverse.  And we think that, and we stated this in our papers,

23  ACE cannot simply just sort of make up facts and procedure to

24  sort of fit this case into Cybulski.  It's like trying to take

25  a round peg and put it in a square hole.

1    You'll notice in ACE's memo in opposition to our motion

2    to strike, ACE states on the first page in the brief that this

3    court, quote, has the jurisdiction over the parties and the

4    claims because SunLink filed its original action in this court

5    and sought this court's ruling to compel arbitration, end

6    quote.

7    That just simply is not true.  SunLink never filed a

8    motion to compel arbitration.  And, again, this case deals

9    with provisional bond claims.  There's no way to sort of get

10   those facts and fit them into the Appeals Court decision in

11   Cybulski.  And we think that the statement that SunLink filed

12   a motion to compel arbitration, which is the very basis of why

13   ACE is opposing our motion to strike and the very basis for

14   their application to vacate in this venue, despite the fact

15   that it's the wrong venue, is certainly a little bit reckless

16   in the pleadings submitted to this court.

17   What we would suggest the Court do, and we respectfully

18   ask the Court to do, is to allow SunLink to have its federal

19   forum, which was chosen lawfully, and to grant the motion to

20   strike the application to vacate the award and let the federal

21   court deal with it, because the federal court has

22   jurisdiction, to assume jurisdiction prior to ACE's filing in

23   this court.

24   And we'd also respectfully, your Honor, ask the Court to

25   grant SunLink its fees in having to oppose -- having to strike

1    the motion to -- or the application to vacate the award.   We

2    find that it has no basis in law or in fact.

3         And if your Honor has any questions, I would be certainly

4    happy to ask, but otherwise --

5              THE COURT:   So you're suggesting I give you fees

6    under what provision?

7              ATTY. THOMAS:   Under what provision?

8              THE COURT:   Yeah.   Are you --

9              ATTY. THOMAS:   It would be the Court's equitable

10   powers.   I mean, the -- the basis of the -- of the --

11             THE COURT:   The often talked about and seldom used

12   equitable power --

13             ATTY. THOMAS:   Often talked about and seldom --

14             THE COURT:   -- to grant fees?

15             ATTY. THOMAS:   We didn't send a Rule 11 notice or

16   anything like that.

17             THE COURT:   Okay.

18             ATTY. THOMAS:   We didn't do any of that.

19             THE COURT:   Good.

20             ATTY. THOMAS:   Okay.

21             THE COURT:   Anything else?

22             ATTY. THOMAS:   No, your Honor.   Thank you.

23             THE COURT:   Do you have a dog in the fight?

24             ATTY. MURPHY:   No, sir.   I'm with Attorney Thomas

25   today.

1    THE COURT:  Okay.

2    ATTY. DOWD:  May I respond, your Honor?

3    Your Honor, basically with -- American Capital Energy

4    came down here and built nine different sites across Cape Cod,

5    put up 84,000 modules, did it in six months, in order to

6    qualify for the S regs, which is a state program worth about

7    84 million.

8    When we got to the end of the contract, our customer

9    that, in fact, hired us to do it refused to make the final

10   payment, which happens too much in these types of dealings.

11   We came to this court.  We filed a lawsuit seeking

12   trustee process to get our final payment of $12 million from

13   this court.

14   THE COURT:  Not the present lawsuit?

15   ATTY. DOWD:  Not the present lawsuit.

16   We then turn around and they appeared and bonded off the

17   entire $12 million that was remaining with regards to that

18   claim.  However, SunLink didn't want to wait for us to proceed

19   on that matter to collect, which is now in arbitration.

20   They proceeded on their own with regards to filing in

21   this court this lawsuit with 30 different exhibits, 28 pages

22   long, which sets forth all the contracts with American Capital

23   Energy, sets forth the various change orders that were

24   involved in the contracts, talks about the credits that were

25   involved in the contracts, and adds into it also the various

1    claims against the bond companies.

2        And in this case, they set forth that --

3        THE COURT:  If you're telling me that their filings

4    are unduly thick and very weighty, you're only encouraging me

5    to make sure the federal court takes care of it.

6        ATTY. DOWD:  I understand that part, your Honor.

7        THE COURT:  Okay.

8        ATTY. DOWD:  But they sought in this court against

9    ACE, against ACE and Arch, joint and severally, $2.79 million

10    with regards to the project at Harwich -- I'm sorry -- at

11    Harwich.  They sought 1.95 against Dennis; a judgment joint

12    and several against ACE and Berkley for Barnstable; and 1.3

13    million judgment joint and severally with regards to contracts

14    concerning Berkley, concerning Chatham, Brewster, and also

15    Eastham.

16        All of the issues in this case as to what was built, what

17    was supplied, the credits that were given, the change orders

18    that were occurred all were going to be handled before this

19    court.

20        All of the matter went up to arbitration for the

21    arbitrator to hear.

22        The arbitrator gets the case.  It was being handled by

23    another law firm.  I turned -- there ended up being a conflict

24    of interest.  I stepped in to handle the case.  I requested a

25    continuance.  We didn't get it.  We went to arbitration.

1    Arbitrator came down with an award.  I filed now with --

2  they filed.  I'm sorry -- the award comes down.

3    So now we file status reports with this court.  Counsel

4  files a status report attaching the award, summarizing the

5  award in full to the Court, and laying out what it is and

6  says, "Court, don't take any action on this till November 6th,

7  we're still being involved in the case."

8    I then did my own status report, saying, "Court, we're

9  going to be filing a motion to vacate this judgment with the

10  court and that it has to be filed within a certain period of

11  time."

12    Well, right after filing the status reports, as if

13  everything's before this court, they run off to the federal

14  court and they file their action in the federal court.

15    THE COURT:  Maybe you shouldn't have tipped them off

16  that you were going to file a challenge to the arbitration

17  here.

18    ATTY. DOWD:  That's my belief, your Honor.

19    THE COURT:  Yeah.  It sounds like it, doesn't it?

20    ATTY. DOWD:  But the problem -- the problem I then

21  face was this -- the case of the Cybulski vs. Vaiani, which I

22  have attached to my various pleadings, because this case says

23  that, in fact, it is not -- it is mandatory that if you have a

24  superior court action that goes up to the arbitration, and

25  this court says if parties begin a civil action in the

1   superior court, then suspend that litigation and make an

2   agreement to arbitrate their dispute, does the suspended

3   action serve as the mandatory site for judicial review of the

4   arbitrator decision?

5         For the following reasons, we conclude that the parties

6   must file their application for confirmation, vacation, or

7   modification of an arbitrator award in the original superior

8   court litigation and may not commence a separate action for

9   those purposes.

10         I have an extra copy of that case, your Honor.  If I --

11               THE COURT:  Sure.  That would be swell.

12               ATTY. DOWD:  -- could approach from there, if I

13   could, your Honor.

14               THE COURT:  Sure.  Thank you.

15               ATTY. DOWD:  Now, when this occurred, we were faced

16   with a rock and a hard place.  If I walk into the federal

17   court, I'm violating Cybulski, which says that the mandatory

18   jurisdiction is before this court.  So, therefore, if I filed

19   it, they could walk into that court and file the motion to

20   strike it on the basis that mandatory jurisdiction is with

21   your Honor.

22         And so I decided the best thing to do was I flew up from

23   Texas.  I went down and -- clerk's office was amazing.  The

24   assistant clerk came out, read the various sections with

25   regards to Chapter 251, which is the application to vacate.

1   They read the -- my motion for filing, and the question was:

2   Do we file it here?  What do we do with this?

3       Because under the Section 251.15, it says that this

4   application has to be filed as an original writ of summons.

5   So it's not a motion or something.  It has to be filed as an

6   application of original summons.

7       So the question was:  Do we file it as a new case here?

8   Do we file it as part of this case under this docket number?

9   And I --

10      The Court, in fact, Chief Clerk Nickerson came out and

11  read the status reports, read everything, and finally decided

12  I'm going to bring it to a judge and let a judge decide

13  whether it should be filed or not.  And Christine, I think,

14  brought it to Judge Veazy [ph], but I wasn't there, I wasn't

15  present, so I'm not sure, but came back and said, "Okay.  It's

16  fine."  We filed it here.

17      So the point is is that justice --

18          THE COURT:  Trust me, there's only one Nickerson,

19  J., on this court.

20          ATTY. DOWD:  Okay.

21          THE COURT:  The guy downstairs isn't Nickerson, J.

22          ATTY. DOWD:  Okay.  In any event, I'm mistaken about

23  that.  You know, I haven't been to this court very often,

24  your Honor.

25          THE COURT:  No, that's okay.  That's okay.

1         ATTY. DOWD:  From that stand point.

2     But the other point that I make is is that under

3  Cybulski, we mandatorily have to bring it before this court.

4     And I also would ask the Court that, in fact, motion to

5  strike is a nice little red herring they throw out, because if

6  you strike it, the case is over.  It can't be refiled or

7  something from there.  But under Cybulski it talks about the

8  initial application has to be filed before your Honor and this

9  court.

10        THE COURT:  So all I have to do is read Cybulski and

11  I'll know what to do, one way --

12        ATTY. DOWD:  I think so, your Honor.

13        THE COURT:  -- or the other?

14        ATTY. DOWD:  And then you can decide to do one of

15  two things.  You can decide you want to refer it to the

16  federal court, or you can decide you want to hear it, your

17  Honor.  But there's not a decision to strike it.

18     Because, in fact, as it says here, when the initial

19  application is filed here, it permits the judge to assign a

20  post-arbitration application to an appropriate court for such

21  reasons as convenience of the parties, the efficiency of the

22  courts, prior judicial familiarity with the merits.  So

23  your Honor can decide whether or not it happened.

24     Now, I filed a motion to dismiss in the federal court

25  back in November with respect to it, that this Court has

1    mandatory exclusive jurisdiction.

2         The federal court has done absolutely nothing on it.

3    They haven't asked -- haven't called us, asked us for a

4    hearing, asked us for additional -- nothing has occurred.   I

5    think that they're waiting to find out what, in fact, your

6    Honor's going to do with regards to the case.   And

7    basically --

8              THE COURT:  Well, wouldn't that be unusual?

9              ATTY. DOWD:  I don't think so, your Honor.   I think

10   it may become more common.

11             THE COURT:  Okay.

12             ATTY. DOWD:  But, in any event, that's -- under

13   Cybulski, we did what we had.   We came to this court and it

14   was filed based on -- I believe Jeremy Veazy [ph] filed it,

15   from that standpoint, tried to construe what was the best way

16   to handle the matter from there.

17             THE COURT:  Well, it sounds like I better read that

18   case and read the briefs and so forth and I'll figure it out.

19   I'll do my best.

20             ATTY. DOWD:  I appreciate it, your Honor.   Thank

21   you.   Sorry for the voice.

22             THE COURT:  No.  No.  You don't need to apologize.

23   I'm glad you're here.

24             ATTY. THOMAS:  Just a couple of points in response,

25   your Honor, on Cybulski.

1          THE COURT:  And I assume, where you have a house in

2     Yarmouth, you don't mind coming back a few times on this.

3          ATTY. DOWD:  It was the Old Yarmouth Nursing Home.

4     It was the old Captain Crocker house, and I just converted

5     it -- I converted it back to the original Captain Crocker

6     house.

7          THE COURT:  Terrific.

8          ATTY. DOWD:  So it's -- but every time I come up

9     here, I get hurt.  I came up, fell on the ice, and that's why

10    I was laid up for a month, because I was here last year and

11    fell.

12         THE COURT:  Well, we'll have better weather the next

13    time you come.

14         ATTY. DOWD:  I would hope so, your Honor, please.

15         ATTY. THOMAS:  Your Honor, I don't mind coming back

16    either.  I graduated from Dennis-Yarmouth Regional High

17    School, so -- my parents are still down here; I like visiting.

18         As to Cybulski, I think Mr. Dowd is correct that --

19         THE COURT:  "Nickerson, J." downstairs, he graduated

20    from there too.

21         ATTY. THOMAS:  Small world.

22         If the parties sue, your Honor, and agree to arbitrate

23    the matters that are within the lawsuit -- and I agree that

24    Cybulski states that you file your motion or application in

25    that court.

1          THE COURT:  Unless -- you don't get last licks in.

2   If there's something I haven't heard, I want to hear it.

3          ATTY. THOMAS:  Yeah.  I think there is, your Honor.

4      Just to point out that the causes of action in the

5   complaint are against the bonds.  There's no agreement to

6   arbitrate the bond issues, your Honor.  That's the point.

7          THE COURT:  No.  They're a separate action and it

8   has to be filed in a timely manner.

9          ATTY. THOMAS:  Right.

10          THE COURT:  Okay.

11          ATTY. THOMAS:  Thank you, your Honor.

12          ATTY. DOWD:  Thank you, your Honor.

13          THE COURT:  Thank you.

14   (Proceedings concluded at 2:31 p.m.)

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE

COMMONWEALTH OF MASSACHUSETTS)
                             )  SS.
COUNTY OF BARNSTABLE         )

    I, Linda L. Kelly, Official Court Reporter within and for the Commonwealth of Massachusetts, do hereby certify upon my signature that the foregoing transcript is a true and accurate transcription of court proceedings in the above-entitled matter.

    I, Linda L. Kelly, further certify that the foregoing is in compliance with the Administrative Office of the Trial Court directive on transcript format.

    I, Linda L. Kelly, further certify that I am not counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

    I, Linda L. Kelly, further assert that any unauthorized reproductions of said transcript do not constitute an official record of said proceedings as certified by this reporter.

               ————————————————————————

                   LINDA L. KELLY
                Official Court Reporter
            Certified Shorthand Reporter
          Registered Professional Reporter
             Certificate of Merit
Date: 3/2/16
Ordered:  2/25/16, expedited 2/29/16

| $ | 9 | arbitration [30] 2/16 3/21 5/9 5/11 5/12 |
|---|---|---|

**$**

$12 [2] 13/12 13/17
$12 million [2] 13/12 13/17
$2.79 [1] 14/9
$2.79 million [1] 14/9
$7 [1] 5/8
$7 million [1] 5/8
$7.8 [1] 6/17
$7.8 million [1] 6/17

**0**

02110 [1] 1/19

**1**

1.2 [1] 6/24
1.3 [1] 14/12
1.95 [1] 14/11
10 [1] 6/13
11 [1] 12/15
12 [1] 9/23
1332 [2] 7/20 9/1
14-511 [1] 2/14
1472CV511 [1] 1/2
149 [2] 5/17 10/1
16 [3] 22/23 22/24 22/24
17 [1] 7/14
18 [1] 6/16

**2**

2/25/16 [1] 22/24
2/29/16 [1] 22/24
20 [2] 5/10 7/22
2013 [1] 4/24
2014 [3] 5/7 5/10 5/14
2015 [5] 6/12 6/16 6/22 7/22 8/8
2016 [4] 1/12 2/2 2/13 9/23
214-922-9330 [1] 1/22
21st of [1] 5/14
23 [1] 3/22
251 [2] 7/14 16/25
251.15 [1] 17/3
26 [3] 1/12 2/2 2/13
27th [1] 8/4
28 [2] 9/1 13/21
28 USC 1332 [1] 7/20
29 [3] 5/17 10/1 10/2
2:08 [1] 2/11
2:31 [1] 21/14

**3**

3/2/16 [1] 22/23
30 [1] 13/21

**4**

4814 [1] 1/21

**5**

50 [1] 3/3
511 [1] 2/14

**6**

6063 [1] 1/19
617-310-6063 [1] 1/19
6th [1] 15/6

**7**

75235 [1] 1/21

**8**

84 million [1] 13/7
84,000 [1] 13/5

**9**

9330 [1] 1/22
93A [4] 6/19 6/20 6/23 7/8

**A**

AAA [2] 5/11 5/13
about [6] 12/11 12/13 13/6 13/24 17/22 18/7
above [1] 22/7
above-entitled [1] 22/7
absolutely [1] 19/2
accept [1] 8/2
accurate [1] 22/6
ACE [28] 4/24 5/5 5/7 5/13 6/1 6/6 6/9 6/21 7/4 7/10 7/12 7/13 7/13 7/17 8/4 8/10 8/20 8/25 9/3 9/9 10/5 10/10 10/23 11/2 11/13 14/9 14/9 14/12
ACE's [2] 11/1 11/22
across [1] 13/4
Act [2] 7/16 8/10
action [14] 5/12 8/9 9/5 11/4 15/6 15/14 15/24 15/25 16/3 16/8 21/4 21/7 22/14 22/16
actions [1] 6/9
activity [1] 7/8
actual [2] 5/5 5/21
actually [4] 5/5 7/11 7/22 8/4
addition [1] 9/16
additional [1] 19/4
address [1] 4/17
adds [1] 13/25
Administrative [1] 22/10
affirmative [1] 2/5
after [2] 7/23 15/12
afternoon [2] 2/12 2/22
again [5] 6/2 6/8 8/12 9/5 11/8
against [9] 6/9 7/4 9/9 14/1 14/8 14/9 14/11 14/12 21/5
agree [2] 20/22 20/23
agreed [3] 4/25 10/14 10/17
agreement [4] 3/14 6/10 16/2 21/5
agreements [1] 6/5
al [3] 1/4 1/7 2/15
all [8] 4/1 8/16 9/6 13/22 14/16 14/18 14/20 18/10
allow [1] 11/18
Allowing [1] 8/25
allows [1] 10/4
already [1] 4/11
also [5] 6/24 11/24 13/25 14/14 18/4
am [2] 22/12 22/14
amazing [1] 16/23
AMERICAN [4] 1/6 2/15 13/3 13/22
amount [1] 9/22
another [1] 14/23
any [9] 7/3 9/9 12/3 12/18 15/6 17/22 19/12 22/13 22/17
anyone [1] 10/6
anything [2] 12/16 12/21
anyway [1] 8/22
apologize [1] 19/22
Appeals [3] 10/11 10/16 11/10
APPEARANCES [1] 1/16
appeared [1] 13/16
application [18] 4/6 4/21 6/20 7/14 8/9 8/11 8/20 11/14 11/20 12/1 16/6 16/25 17/4 17/6 18/8 18/19 18/20 20/24
appreciate [1] 19/20
approach [1] 16/12
appropriate [1] 18/20
arbitrate [3] 16/2 20/22 21/6

**arbitration** [30] 2/16 3/21 5/9 5/11 5/12 5/22 6/2 6/3 6/10 6/13 6/14 7/7 7/9 7/12 7/16 7/23 8/10 9/10 10/15 10/19 10/20 11/5 11/8 11/12 13/19 14/20 14/25 15/16 15/24 18/20
arbitrator [9] 6/16 6/19 6/22 7/2 14/21 14/22 15/1 16/4 16/7
Arch [5] 9/13 9/16 9/17 9/22 14/9
are [12] 5/4 5/18 5/24 6/8 7/7 7/16 8/13 12/8 14/4 20/17 20/23 21/5
areas [1] 4/17
aren't [1] 4/1
arguing [1] 10/5
argument [1] 10/8
as [21] 2/4 2/7 3/14 3/16 5/23 6/5 6/6 9/12 9/21 9/25 14/16 15/12 16/3 17/4 17/5 17/7 17/8 18/18 18/21 20/18 22/18
aside [1] 9/12
ask [4] 11/18 11/24 12/4 18/4
asked [4] 6/19 19/3 19/3 19/4
assert [1] 22/17
assign [1] 18/19
assistant [1] 16/24
ASSOCIATE [1] 1/11
assume [2] 11/22 20/1
at [13] 3/9 4/1 6/15 7/10 7/11 7/18 8/5 9/7 10/9 10/20 14/10 14/10 21/14
attached [1] 15/22
attaching [1] 15/4
Attorney [1] 12/24
August [1] 6/16
August 18 [1] 6/16
award [21] 2/17 3/22 4/11 6/17 6/22 7/1 7/9 7/12 7/13 7/15 7/25 8/6 9/4 10/16 11/20 12/1 15/1 15/2 15/4 15/5 16/7
awarded [1] 7/3
awarding [2] 6/17 6/24
aware [1] 10/3

**B**

back [6] 4/24 17/15 18/25 20/2 20/5 20/15
BARNSTABLE [5] 1/2 1/12 2/1 14/12 22/3
based [4] 7/19 8/22 9/21 19/14
basically [2] 13/3 19/7
basis [5] 11/12 11/13 12/2 12/10 16/20
be [18] 3/10 7/2 8/6 9/15 10/7 12/3 12/9 14/18 15/9 15/10 16/11 17/4 17/5 17/13 18/6 18/8 19/8 21/8
became [1] 10/15
because [9] 7/16 10/5 11/4 11/21 15/22 17/3 18/5 18/18 20/10
become [1] 19/10
been [1] 17/23
before [6] 1/10 14/18 15/13 16/18 18/3 18/8
begin [1] 15/25
being [3] 14/22 14/23 15/7
belief [1] 15/18
believe [2] 7/7 19/14
Bengal [1] 1/21
Berkley [4] 9/13 9/14 14/12 14/14
best [3] 16/22 19/15 19/19
better [2] 19/17 20/12
big [1] 4/19
binding [1] 10/14
bit [2] 6/18 11/15
bond [11] 5/18 8/11 9/5 9/11 9/14 9/24 10/1 10/7 11/9 14/1 21/6
bonded [1] 13/16

**B**

bonds [12]   5/5 5/16 5/24 5/25 6/6 6/8
7/5 9/6 9/7 9/19 9/23 21/5
Boston [3]   1/19 6/15 7/24
Brewster [1]   14/14
brief [2]   4/18 11/2
briefs [1]   19/18
bring [2]   17/12 18/3
brought [5]   6/9 6/10 9/10 10/7 17/14
built [2]   13/4 14/16
but [15]   2/24 3/14 4/3 6/24 9/21 12/4
14/8 15/20 17/14 17/15 18/2 18/7 18/17
19/12 20/8

**C**

called [2]   10/10 19/3
came [8]   13/4 13/11 15/1 16/24 17/10
17/15 19/13 20/9
can [9]   7/12 7/13 8/19 9/3 9/25 18/14
18/15 18/16 18/23
can't [2]   9/20 18/6
cannot [2]   10/7 10/23
Cape [2]   5/2 13/4
Cape Cod [2]   5/2 13/4
CAPITAL [4]   1/6 2/15 13/3 13/22
Captain [2]   20/4 20/5
care [1]   14/5
case [24]   1/2 9/24 10/2 10/3 10/10
10/11 10/13 10/17 10/18 10/24 11/8
14/2 14/16 14/22 14/24 15/7 15/21
15/22 16/10 17/17 17/8 18/6 19/6 19/18
cases [2]   7/3 7/6
causes [1]   21/4
certain [3]   4/25 9/8 15/10
certainly [3]   8/18 11/15 12/3
CERTIFICATE [2]   22/1 22/23
certified [2]   22/18 22/22
certify [3]   22/5 22/9 22/12
challenge [1]   15/16
change [2]   13/23 14/17
Chapter [3]   6/19 7/8 16/25
Chapter 251 [1]   16/25
Chapter 93A [2]   6/19 7/8
Chatham [1]   14/14
Chief [1]   17/10
choice [1]   4/22
choose [1]   8/19
chose [1]   8/16
chosen [1]   11/19
Christine [1]   17/13
circumstances [1]   9/4
cite [1]   10/10
civil [2]   2/14 15/25
claim [3]   7/8 10/7 13/18
claims [12]   5/23 6/9 6/18 6/19 7/5 9/9
9/11 9/14 9/24 11/4 11/9 14/1
clerk [3]   3/9 16/24 17/10
clerk's [1]   16/23
Cod [2]   5/2 13/4
collect [1]   13/19
come [2]   20/8 20/13
comes [1]   15/2
coming [2]   20/2 20/15
commence [1]   16/8
common [2]   6/6 19/10
commonwealth [4]   1/1 10/3 22/2 22/5
companies [1]   14/1
compared [1]   3/5
compel [5]   5/12 6/2 11/5 11/8 11/12
complaint [2]   5/21 21/5
completely [2]   9/15 10/12

compliance [1]   22/10
concerning [2]   14/14 14/14
conclude [1]   16/5
concluded [1]   21/14
confirmation [1]   16/6
confirmed [1]   8/6
conflict [1]   14/23
Connelly [2]   9/17 9/22
constitute [1]   22/17
construction [2]   6/7 10/6
construe [1]   19/15
contained [1]   7/1
contains [1]   2/3
contemplates [1]   10/3
context [1]   10/14
continuance [1]   14/25
contract [7]   5/8 6/14 6/18 6/23 10/6
10/20 13/8
contractor [1]   4/25
contracts [10]   5/1 5/4 5/6 5/9 5/11 6/7
13/22 13/24 13/25 14/13
convenience [1]   18/21
converted [2]   20/4 20/5
copy [1]   16/10
cord [1]   2/24
CORPORATION [3]   1/4 2/15 2/22
correct [2]   5/20 20/18
costs [2]   6/21 6/25
could [5]   3/8 7/17 16/12 16/13 16/19
couldn't [1]   3/14
counsel [5]   2/18 3/1 8/1 15/3 22/12
County [2]   15/2 22/3
couple [1]   19/24
course [1]   6/7
court [75]   1/2 1/11 4/6 4/10 4/11 4/20
5/12 5/15 7/3 7/15 7/17 7/19 7/24 8/10
8/11 8/12 8/13 8/15 8/16 8/21 8/22 9/1
9/5 10/8 10/11 10/14 10/16 11/3 11/4
11/10 11/16 11/17 11/18 11/21 11/21
11/23 11/24 13/11 13/13 13/21 14/5
14/8 14/19 15/3 15/5 15/6 15/8 15/10
15/13 15/14 15/14 15/24 15/25 16/1
16/8 16/17 16/18 16/19 17/10 17/19
17/23 18/3 18/4 18/9 18/16 18/20 18/24
18/25 19/2 19/13 20/25 22/4 22/7 22/11
22/21
court's [4]   4/22 8/5 11/5 12/9
courthouse [1]   8/24
courts [1]   18/22
credits [2]   13/24 14/17
Crocker [2]   20/4 20/5
customer [1]   13/8
Cybulski [14]   10/10 10/20 10/21 10/24
11/11 15/21 16/17 18/3 18/7 18/10
19/13 19/25 20/18 20/24

**D**

Dallas [1]   1/21
damages [3]   6/18 6/23 6/24
date [2]   3/15 22/23
DAVID [2]   1/17 2/19
day [2]   5/14 8/1
days [1]   6/13
deal [6]   8/16 9/6 9/9 9/18 9/20 11/21
dealing [1]   4/7
dealings [1]   13/10
deals [4]   9/7 9/18 10/7 11/8
dealt [1]   10/12
decide [5]   17/12 18/14 18/15 18/16
18/23
decided [2]   16/22 17/11
decision [3]   11/10 16/4 18/17

defeat [1]   10/1
Defendants [2]   1/7 1/20
degree [1]   10/9
demand [4]   5/11 5/13 6/3 7/23
Dennis [2]   14/11 20/16
Dennis-Yarmouth [1]   20/16
denotes [4]   2/5 2/6 2/7 2/7
describe [1]   4/20
despite [1]   11/14
dictate [1]   4/20
did [5]   7/13 8/17 13/5 15/8 19/13
didn't [5]   3/4 12/15 12/18 13/18 14/25
different [3]   10/12 13/4 13/21
directive [1]   22/11
dismiss [1]   18/24
dismissed [1]   9/15
dispute [3]   8/17 10/6 16/2
diverse [3]   7/17 8/19 10/22
diversity [6]   7/20 7/20 7/24 8/22 9/2 10/1
do [23]   4/4 7/7 7/13 10/4 10/15 11/17
11/18 12/18 12/23 13/9 16/22 17/2 17/2
17/2 17/7 17/8 18/10 18/11 18/14 19/6
19/19 22/5 22/17
docket [2]   2/14 17/8
does [5]   6/1 6/21 9/9 10/10 16/2
doesn't [5]   5/12 9/6 15/19
dog [1]   12/23
don't [10]   4/1 9/3 9/25 10/2 15/6 19/9
19/22 20/2 20/15 21/1
done [8]   8/23 19/2
DOWD [4]   1/20 2/23 8/1 20/18
down [5]   13/4 15/1 15/2 16/23 20/17
downstairs [2]   17/21 20/19
Dukes [1]   5/15
dutifully [1]   5/13

**E**

e-mail [2]   8/2 9/21
each [1]   10/13
Eastham [1]   14/15
efficiency [1]   18/21
either [1]   20/16
else [1]   12/21
emergency [3]   2/16 4/5 8/11
employed [1]   22/13
encouraging [1]   14/4
end [5]   3/6 8/25 10/9 11/5 13/8
end-run [1]   8/25
ended [1]   14/23
ENERGY [4]   1/6 2/15 13/3 13/23
enforce [2]   7/25 10/16
entire [1]   13/17
entitled [1]   22/7
equitable [2]   12/9 12/12
ESQ [3]   1/17 1/17 1/20
essentially [4]   5/1 5/24 10/5 10/8
et [3]   1/4 1/7 2/15
et al [1]   2/15
even [1]   9/6
event [2]   17/22 19/12
every [1]   20/8
everything [1]   17/11
everything's [1]   15/13
Except [1]   3/3
exclusive [1]   19/1
Excuse [1]   2/23
executed [1]   5/4
exhibits [2]   6/14 13/21
expedited [1]   22/24
extra [1]   16/10

**F**

faced [1]  16/15
fact [8]  11/14 12/2 13/9 15/23 17/10 18/4 18/18 19/5
facts [5]  4/19 4/20 8/13 10/23 11/10
familiarity [1]  18/22
Fast [1]  6/12
favor [1]  6/17
February [1]  9/23
February 12 [1]  9/23
federal [24]  4/6 4/11 7/17 7/19 7/24 8/5 8/16 8/18 8/19 8/21 9/1 9/2 9/4 10/8 11/18 11/20 11/21 14/5 15/13 15/14 16/16 18/16 18/24 19/2
fee [1]  6/20
fees [6]  6/20 6/24 7/3 11/25 12/5 12/14
fell [2]  20/9 20/11
few [2]  8/15 20/2
fight [1]  12/23
figure [1]  19/18
file [17]  5/12 5/20 5/21 7/13 7/19 8/18 10/15 10/17 15/3 15/14 15/16 16/6 16/19 17/2 17/7 17/8 20/24
filed [22]  5/16 6/2 8/14 8/20 11/4 11/7 11/11 13/11 15/1 15/2 15/10 16/18 17/4 17/5 17/13 17/16 18/8 18/19 18/24 19/14 19/14 21/8
files [3]  5/10 5/14 15/4
filing [12]  5/22 6/3 7/6 8/8 9/1 9/12 10/1 11/22 13/20 15/9 15/12 17/1
filings [3]  6/7 7/2 14/3
final [6]  6/16 6/22 6/23 7/12 13/9 13/12
finally [1]  17/11
financially [1]  22/15
find [2]  12/2 19/5
fine [1]  17/16
firm [1]  14/23
first [3]  4/18 8/16 11/2
fit [2]  10/24 11/10
flew [1]  16/22
following [1]  16/5
foregoing [2]  22/6 22/9
format [1]  22/11
forth [4]  13/22 13/23 14/2 19/18
forum [1]  11/19
forward [1]  5/7
frankly [2]  7/22 8/20
full [1]  15/5
fully [1]  5/7
further [4]  22/9 22/12 22/14 22/17

**G**

gamesmanship [1]  8/17
GARY [2]  1/10 2/13
general [4]  2/25 4/25 5/17 7/14
generally [1]  7/9
get [10]  3/4 3/13 3/14 5/20 5/21 11/9 13/12 14/25 20/9 21/1
gets [1]  14/2
give [2]  4/18 12/5
given [1]  14/17
glad [1]  19/23
Go [1]  7/19
goes [1]  15/24
going [7]  3/10 9/22 14/18 15/9 15/16 17/12 19/6
gone [1]  7/17
good [5]  2/12 2/21 9/18 9/22 12/19
got [3]  3/5 8/5 13/8
graduated [2]  20/16 20/19
grant [6]  4/21 8/14 10/9 11/19 11/25

12/14
Greenberg [1]  1/18
grounds [1]  8/22
group [1]  9/14
guarantee [1]  5/6
guy [1]  17/21

**H**

had [5]  5/5 5/7 5/20 8/20 19/11
handle [2]  14/24 19/16
handled [2]  14/18 14/22
happened [1]  18/23
happens [2]  7/21 13/10
happy [1]  12/4
hard [1]  16/16
Harwich [2]  14/10 14/11
has [17]  7/11 8/18 9/12 9/14 9/16 11/3 11/21 12/2 12/3 15/10 17/4 17/5 18/8 18/25 19/12 19/4 21/8
have [23]  2/24 4/10 5/9 5/12 5/25 6/12 7/10 7/12 7/17 8/4 8/21 10/19 10/19 11/18 12/23 15/15 15/22 15/23 16/10 18/3 18/10 20/1 20/12
haven't [4]  17/23 19/3 19/3 21/2
having [2]  11/25 11/25
he [1]  20/19
head [2]  2/6
hear [5]  4/10 4/15 14/21 18/16 21/2
heard [2]  3/9 21/2
hearing [1]  1/9 2/13 3/10 3/15 4/1 19/4 22/14
held [1]  6/15
here [16]  2/15 3/7 3/9 9/17 10/18 13/4 15/17 17/2 17/7 17/16 18/18 18/19 19/23 20/9 20/10 20/17
Here's [2]  7/21 8/2
hereby [1]  22/5
herring [1]  18/5
High [1]  20/16
hired [1]  13/9
hold [1]  9/25
hole [1]  10/25
Home [1]  20/3
Honor [36]  2/20 2/21 2/23 3/3 3/9 3/17 4/14 4/16 4/17 9/7 10/10 11/24 12/3 12/22 13/2 13/3 14/6 15/18 16/10 16/13 16/21 17/24 18/8 18/12 18/17 18/23 19/9 19/20 19/25 20/14 20/15 20/22 21/3 21/6 21/11 21/12
Honor's [1]  19/6
HONORABLE [2]  1/10 2/13
hope [1]  20/14
house [3]  20/1 20/4 20/6
how [1]  4/20
however [2]  5/7 13/18
huh [1]  2/5
hurt [1]  20/9

**I**

I'll [5]  4/15 4/19 18/11 19/18 19/19
I'm [10]  2/25 4/3 12/24 14/10 15/2 16/17 17/12 17/15 17/22 19/23
ice [1]  20/9
identify [1]  2/18
if [19]  2/3 3/8 8/20 8/23 9/20 10/9 10/17 12/3 14/3 15/12 15/23 15/25 16/10 16/12 16/16 16/18 18/5 20/22 21/2
immediately [1]  6/4
in [95]  2/24 2/25 4/11 4/24 5/7 5/12 5/15 5/15 5/21 5/21 5/23 6/7 6/9 6/10 6/15 6/17 6/17 6/24 6/25 7/1 7/11 7/15 7/19 7/24 8/9 8/11 8/11 8/12 8/14 8/18 8/20

9/4 9/10 9/16 9/24 10/2 10/3 10/7 10/11 10/13 10/13 10/14 10/17 10/20 10/21 10/22 10/25 11/1 11/1 11/2 11/4 11/10 11/14 11/15 11/22 11/25 12/2 12/2 12/23 13/5 13/5 13/9 13/10 13/19 13/20 13/24 13/25 14/2 14/8 14/16 14/24 15/5 15/7 15/14 15/23 15/25 15/25 16/7 17/10 17/22 18/4 18/18 18/24 18/25 19/5 19/12 19/24 20/1 20/24 21/1 21/4 21/8 22/7 22/10 22/14 22/15
INC [1]  1/6
include [1]  7/4
indicates [1]  5/22
indication [1]  10/21
initial [2]  18/8 18/18
instead [1]  8/8
interest [2]  6/18 14/24
interested [1]  22/15
Interlocutory [1]  2/12
International [1]  1/18
into [5]  10/24 11/10 13/25 16/16 16/19
involved [1]  13/24 13/25 15/7
is [51]  2/4 3/12 3/22 4/6 4/6 4/13 4/19 4/25 5/1 5/5 5/5 17 5/22 5/25 6/2 6/6 6/8 6/15 7/1 7/22 9/4 9/17 9/22 10/5 10/5 10/5 11/7 11/12 11/13 11/15 11/18 13/6 13/19 15/5 15/23 15/23 16/18 16/20 16/25 17/17 17/17 18/2 18/23 18/6 18/10 18/19 20/18 21/3 22/6 22/9
is is [1]  17/17
islands [1]  5/3
isn't [1]  17/21
issue [5]  5/24 6/8 9/2 9/7 10/15
issues [5]  4/7 6/16 6/22 14/16 21/6
it [65]  3/5 3/15 3/20 4/1 4/4 4/9 5/21 6/15 9/9 9/20 9/21 10/17 10/17 10/25 11/21 12/22 12/9 13/5 13/9 13/25 14/5 14/22 14/25 15/5 15/10 15/19 15/19 15/19 15/23 15/23 16/19 16/20 17/2 17/3 17/5 17/7 17/8 17/12 17/13 17/14 18/17 18/18 18/19 18/23 18/25 19/2 19/10 19/19 19/14 19/17 19/18 19/20 20/3 20/4 20/5 20/5 21/2 21/7
it's [9]  3/19 3/22 4/11 5/1 10/24 11/15 17/5 17/15 20/8
its [5]  7/4 8/10 11/4 11/18 11/25
itself [2]  5/21 7/1

**J**

January [5]  1/12 2/2 2/13 3/5 3/6
January 26 [1]  2/13
Jeremy [1]  19/14
Jeremy Veazy [1]  19/14
joint [3]  14/9 14/11 14/13
judge [4]  17/12 17/12 17/14 18/19
Judge Veazy [1]  17/14
judgment [3]  14/11 14/13 15/9
judicial [2]  16/3 18/22
jurisdiction [8]  8/6 10/2 11/3 11/22 11/22 16/18 16/20 19/1
just [10]  3/6 3/19 5/23 9/10 10/5 10/23 11/7 19/24 20/4 21/4
justice [2]  1/11 17/17

**K**

Kelly [5]  22/4 22/9 22/12 22/17 22/21
know [2]  17/23 18/11

**L**

laid [1]  20/10
last [4]  3/5 3/6 20/10 21/1

## L

later [1]  9/20
law [4]  5/17 7/14 12/2 14/23
lawfully [1]  8/17 8/23 11/19
lawsuit [6]  10/14 13/11 13/14 13/15
 13/21 20/23
lawsuits [1]  5/15
laying [1]  15/5
lays [1]  7/16
let [2]  11/20 17/12
licks [1]  21/1
like [9]  4/3 4/17 4/18 8/2 10/24 12/16
 15/19 19/17 20/17
Linda [5]  22/4 22/9 22/12 22/17 22/21
litigation [3]  9/15 16/1 16/8
little [3]  6/18 11/15 18/5
live [2]  2/24 2/25
logic [1]  10/9
logical [1]  10/9
long [1]  13/22

## M

MA [1]  1/19
mail [2]  8/2 9/21
make [6]  8/25 10/23 13/9 14/5 16/1 18/2
mandatorily [1]  18/3
mandatory [5]  15/23 16/3 16/17 16/20
 19/1
manner [1]  21/8
many [6]  6/13 6/14
Mass [2]  7/15 8/10
MASSACHUSETTS [6]  1/1 1/12 2/1
 5/17 22/2 22/5
material [3]  2/4 2/4 5/6
matter [4]  13/19 14/20 19/16 22/8
matters [2]  2/12 20/23
may [6]  6/12 13/2 16/8 19/10
May 2015 [1]  6/12
Maybe [1]  15/15
me [3]  14/3 14/4 17/18
mean [1]  12/10
memo [1]  11/1
Merit [1]  22/23
merits [1]  18/22
mid [1]  5/7
mid-2014 [1]  5/7
million [9]  5/8 6/17 6/19 6/24 13/7 13/12
 13/17 14/9 14/13
mind [2]  20/2 20/15
miscellaneous [1]  8/9
misread [1]  3/20
mistaken [1]  17/22
modification [1]  16/7
modules [1]  13/5
money [1]  9/18
month [1]  20/10
months [1]  13/5
more [1]  19/10
motion [29]  1/9 2/16 3/10 3/11 3/13 3/13
 3/19 3/21 3/22 4/5 4/10 4/21 6/2 8/14
 8/14 10/16 11/1 11/8 11/13 11/13 11/19
 12/1 15/9 16/19 17/1 17/5 18/4 18/24
 20/24
motions [1]  2/16
moving [1]  4/2 4/13
Mr. [5]  8/1 8/1 9/17 9/22 20/18
Mr. Connelly [2]  9/17 9/22
Mr. Dowd [2]  8/1 20/18
Mr. Murphy [1]  8/1
much [1]  13/10
MURPHY [3]  1/17 2/21 8/1

## N

must [1]  16/6
my [8]  3/12 15/8 15/18 15/22 17/1 19/19
 20/17 22/5

## N

named [1]  6/6
narrows [1]  9/24
need [1]  19/22
negative [1]  2/6
never [1]  11/7
new [1]  17/7
next [3]  5/14 8/1 20/12
nice [1]  18/5
NICKERSON [6]  1/10 2/14 17/10 17/18
 17/21 20/19
nine [1]  13/4
no [15]  1/2 6/2 6/9 8/17 10/3 10/21 11/9
 12/2 12/22 12/24 17/25 19/22 19/22
 21/5 21/7
Nods [1]  2/5
nor [2]  22/13 22/15
not [24]  4/3 5/7 6/1 7/2 7/7 7/13 8/12 9/9
 10/18 11/7 13/14 13/15 15/23 16/8 17/5
 17/13 17/15 18/17 18/23 22/12 22/15
 22/17
NOTE [1]  2/3
nothing [1]  19/2 19/4
notice [2]  11/1 12/15
November [1]  8/8 15/6 18/25
November 5 [1]  8/8
November 6th [1]  15/6
now [6]  4/3 13/19 15/1 15/3 16/15 18/24
number [4]  2/14 3/22 9/8 17/8
Nursing [1]  20/3

## O

obviously [4]  5/25 7/13 9/23 10/18
occurred [3]  14/18 16/15 19/4
October [4]  4/24 5/10 6/22 7/22
October 20 [2]  5/10 7/22
off [3]  13/16 15/13 15/15
office [2]  16/23 22/10
offices [1]  6/15
official [3]  22/4 22/17 22/21
often [1]  11/22
Oh [1]  3/5
okay [15]  3/18 3/20 4/8 4/12 12/17
 12/20 13/1 14/7 17/15 17/20 17/22
 17/25 17/25 19/11 21/10
old [2]  20/3 20/4
on [33]  2/13 2/15 3/12 3/14 3/15 5/2
 5/10 5/14 5/19 5/21 6/6 6/18 6/19 6/22
 6/23 7/19 8/4 8/8 8/22 9/21 9/23 11/2
 13/19 13/20 15/6 16/20 17/19 19/2
 19/14 19/25 20/2 20/9 22/11
once [1]  4/2
one [7]  1/18 5/15 5/15 7/4 17/18 18/11
 18/14
only [8]  3/12 5/23 5/24 6/6 6/8 9/7 14/4
 17/18
operative [1]  8/13
oppose [1]  11/25
opposes [1]  6/21
opposing [1]  11/13
opposition [3]  3/21 3/23 11/1
options [3]  7/10 7/11 7/18
or [20]  2/4 2/5 2/6 2/8 4/17 7/13 7/16 8/6
 8/18 12/1 12/2 12/15 16/6 17/5 17/13
 18/6 18/13 18/16 18/23 20/24
order [1]  13/5
Ordered [1]  13/20
orders [2]  13/23 14/17

## O

original [5]  11/4 16/7 17/4 17/6 20/5
other [6]  9/7 10/13 18/2 18/13
otherwise [3]  8/7 12/4 22/15
our [9]  3/16 4/21 6/15 7/1 10/22 11/1
 11/13 13/8 13/12
out [7]  15/5 16/24 17/10 18/5 19/5 19/18
 21/4
outcome [1]  22/15
outside [1]  2/25
over [4]  6/19 8/6 11/3 18/6
owed [1]  5/8 9/18 9/23
own [2]  13/20 15/8

## P

p.m [2]  2/11 21/14
page [1]  11/2
pages [1]  13/21
paid [1]  5/7
Paper [1]  3/22
papers [2]  10/11 10/22
paralysis [1]  2/24
parents [1]  20/17
part [5]  5/4 5/4 9/19 14/6 17/8
partial [5]  2/24 6/16 6/23 9/16 9/17
parties [12]  6/4 6/12 7/10 7/16 10/13
 10/21 11/3 15/25 16/5 18/21 20/22
 22/13
party [6]  4/12 4/13 8/18 8/19 9/25 10/4
PAUL [2]  1/17 2/21
pay [4]  5/25 6/1 7/12 9/22
payment [7]  5/5 5/6 5/18 6/8 7/5 13/10
 13/12
peg [1]  10/25
pending [6]  4/11 5/22 7/7 9/4
per [4]  5/11 5/16 7/13 7/24
perfect [1]  7/5
period [1]  15/10
permission [1]  4/22
permits [1]  18/19
petition [5]  7/24 8/2 8/5 8/8 8/20
ph [3]  2/7 17/14 19/14
phonetic [1]  2/7
place [3]  1/18 5/5 16/16
placed [1]  3/14
placeholder [1]  5/23
plaintiff [1]  2/22
Plaintiff's [1]  3/21
Plaintiffs [2]  1/4 1/17
pleadings [2]  11/16 15/22
please [2]  2/18 20/14
plus [1]  6/18
point [8]  7/10 7/11 8/5 17/17 18/1 18/2
 21/4 21/6
points [1]  19/24
possibly [1]  10/7
post [1]  18/20
post-arbitration [1]  18/20
power [1]  12/12
powers [1]  12/10
preexisting [1]  10/19
premise [1]  4/5
prepared [1]  4/4
present [3]  13/14 13/15 17/15
presented [1]  7/18
preserve [1]  7/5
presiding [1]  2/14
pretty [1]  3/6
principal [1]  6/6
prior [3]  6/3 11/22 18/22
problem [2]  15/20 15/20
procedure [1]  10/23
proceed [1]  13/18

**P**

proceeded [1]  13/20
proceeding [5]  4/11 5/22 6/11 8/11 9/6
proceedings [7]  5/24 6/4 6/4 6/13 21/14
22/7 22/18
process [1]  13/12
Professional [1]  22/22
program [1]  13/6
project [1]  14/10
projects [2]  5/2 9/8
provider [1]  5/1
provision [3]  5/10 12/6 12/7
provisional [2]  9/10 11/9
proximately [1]  7/8
purposes [1]  16/9
pursuant [1]  5/16
put [2]  10/25 13/5

**Q**

qualify [1]  13/6
question [3]  3/8 17/1 17/7
questions [1]  12/3
quote [3]  7/3 11/3 11/6
quoted [2]  2/3 2/4

**R**

race [1]  8/23
racking [1]  5/2
raise [2]  3/8 8/24
rationale [1]  7/6
read [9]  2/4 2/8 16/24 17/1 17/11 17/11
18/10 19/17 19/18
realize [1]  4/19
really [1]  9/1
reasons [4]  8/15 9/5 16/5 18/21
reckless [1]  11/15
record [3]  3/14 4/19 22/18
red [1]  18/5
refer [1]  18/15
refiled [1]  18/6
refused [1]  13/9
regards [6]  13/17 13/20 14/10 14/13
16/25 19/6
Regional [1]  20/16
Registered [1]  22/22
regs [1]  13/6
related [2]  7/8 22/13
relating [1]  7/3
relationship [1]  5/5
remaining [1]  13/17
removed [1]  8/21
report [2]  15/4 15/8
reporter [5]  22/4 22/19 22/21 22/22
22/22
REPORTER'S [1]  2/3
reports [3]  15/3 15/12 17/11
representing [3]  2/19 2/22 9/17
reproduced [1]  2/4
reproductions [2]  22/17
requested [1]  14/24
reserve [1]  9/19
resolve [1]  9/20
respect [1]  18/25
respectfully [2]  11/17 11/24
respond [1]  13/2
responds [1]  5/13
response [3]  2/5 2/6 19/24
result [1]  6/5
review [1]  16/3
revitalizing [1]  6/23
right [3]  3/4 15/12 21/9

ROBERT [2]  1/20 2/23
rock [1]  16/16
roughly [3]  5/8 6/17 6/24
round [1]  10/25
Rule [1]  12/15
Rule 11 [1]  12/15
ruling [1]  11/5
run [2]  8/25 15/13
running [1]  5/19

**S**

said [4]  10/16 17/15 22/17 22/18
sales [2]  4/25 5/9
salient [1]  4/19
same [1]  7/18
saying [3]  3/9 8/2 15/8
says [7]  10/8 15/6 15/22 15/25 16/17
17/3 18/18
School [1]  20/17
Second [1]  1/13
Section [5]  5/17 7/14 10/1 10/2 17/3
Section 17 [1]  7/14
Section 251.15 [1]  17/3
Section 29 [3]  5/17 10/1 10/2
sections [1]  16/24
see [1]  10/11
seek [1]  9/3
seeking [2]  4/9 13/11
seldom [2]  12/11 12/13
send [1]  8/1
sends [1]  8/1
separate [2]  16/8 21/7
serve [2]  8/4 16/3
service [1]  8/3
Session [1]  1/13
set [1]  14/2
sets [2]  13/22 13/23
settled [2]  9/12 9/14
settlement [2]  9/16 9/18
Seven [1]  6/13
several [1]  14/12
severally [2]  14/9 14/13
Shakes [1]  2/6
Shorthand [1]  22/22
should [4]  8/6 8/13 10/17 17/13
shouldn't [2]  4/20 15/15
sic [1]  2/7
signature [1]  22/6
simply [2]  10/23 11/7
since [1]  9/12
sir [1]  9/12
site [1]  16/3
sites [1]  13/4
six [1]  13/5
Small [1]  20/21
so [23]  3/22 4/9 5/10 7/10 8/17 9/15
9/23 12/5 15/3 16/18 16/22 17/5 17/7
17/15 17/17 18/10 18/12 18/22 19/9
19/18 20/8 20/14 20/17
solar [1]  5/2
some [1]  9/19
something [4]  10/12 17/5 18/7 21/2
sorry [3]  14/10 15/2 19/21
sort [5]  4/18 4/20 8/25 10/23 10/24 11/9
sought [3]  11/5 14/8 14/11
sounds [1]  15/19 19/17
South [2]  2/25 3/2
speaker [2]  2/5 2/8
spelling [1]  2/7
spoken [1]  2/8
square [1]  10/25
SS [1]  1/2 22/2

stake [1]  10/20
stand [1]  18/1
standpoint [1]  19/15
start [1]  3/9
state [2]  8/18 13/6
stated [1]  10/22
statement [1]  11/11
states [3]  7/2 11/2 20/24
status [5]  15/3 15/4 15/8 15/12 17/11
statute [4]  5/18 7/20 7/25 9/2
statutory [1]  9/5
stay [1]  6/4
stayed [1]  7/7
stepped [1]  14/24
still [2]  15/7 20/17
Street [1]  1/21
strike [5]  2/16 3/10 3/13 3/19 3/22 4/6
4/21 8/14 11/2 11/13 11/20 11/25 16/20
18/5 18/6 18/17
submit [1]  6/20
submits [2]  7/23 8/10
submitted [3]  6/3 7/23 11/16
substantive [1]  6/9
substantively [1]  9/3
such [2]  2/4 18/20
sue [1]  20/22
sued [1]  10/13
Suffolk [5]  7/15 7/19 8/9 8/12 8/21
suggest [1]  11/17
suggesting [1]  12/5
summarizing [1]  15/4
summary [1]  4/18
summons [2]  17/4 17/6
SUNLINK [27]  1/4 2/14 2/19 2/22 4/13
4/25 5/1 5/10 5/11 5/14 6/17 6/20 6/21
7/2 7/23 8/16 8/21 9/14 9/22 9/14 9/16
11/4 11/7 11/11 11/18 11/25 13/18
SunLink's [2]  5/8 7/18
superior [12]  1/2 1/11 7/3 7/15 7/19 8/10
8/12 8/21 10/13 15/24 16/1 16/7
supplied [1]  14/17
supply [1]  5/6
sure [5]  4/23 14/5 16/11 16/14 17/15
sureties [3]  5/25 7/4 9/13
suspend [1]  16/1
suspended [1]  16/2
swell [2]  3/6 16/11
systems [1]  5/2

**T**

take [2]  10/24 15/6
taken [1]  22/14
takes [1]  14/5
talks [2]  13/24 18/7
telling [1]  14/3
terms [1]  5/16
Terrific [1]  20/7
Texas [3]  2/25 3/2 16/23
Thank [9]  3/24 3/25 4/16 12/22 16/14
19/20 21/11 21/12 21/13
that [81]  3/10 4/6 4/9 5/5 6/14 6/21 7/2
7/10 7/11 7/14 8/5 8/23 8/24 9/9 9/17
9/19 9/24 10/3 10/3 10/4 10/4 10/7
10/11 10/13 10/20 10/21 10/22 11/2
11/7 11/11 11/11 11/15 12/2 12/6 12/16
12/18 13/9 13/17 13/17 13/19 13/23
13/24 14/2 14/3 14/6 14/17 14/18 15/10
15/16 15/23 15/23 15/24 16/1 16/5
16/10 16/11 16/17 16/19 16/20 17/3
17/17 17/23 18/1 18/2 18/2 18/4 18/25
19/5 19/8 19/15 19/17 20/18 20/23

## T

that... [9]  20/23 20/24 20/25 21/4 22/6
22/9 22/12 22/14 22/17
that's [11]  3/16 7/15 9/18 10/8 10/18
15/18 17/25 17/25 19/12 20/9 21/6
their [8]  6/12 10/8 11/14 13/20 14/3
15/14 16/2 16/6
them [5]  5/20 5/20 5/21 11/10 15/15
themselves [2]  5/9 5/16
then [8]  4/19 8/8 10/15 13/16 15/8 15/20
16/1 18/14
there [13]  3/15 5/18 6/8 8/23 9/10 10/5
14/23 16/12 17/14 18/7 19/16 20/20
21/3
there's [12]  8/17 9/7 9/13 9/13 9/13 10/6
10/21 11/9 17/18 18/17 21/2 21/5
therefore [1]  16/18
these [8]  5/6 5/23 5/23 6/3 6/4 6/7 6/9
13/10
they [15]  9/15 10/14 10/15 13/16 13/20
14/2 14/8 14/11 15/2 15/13 15/14 16/19
17/1 18/5 19/3
they're [3]  5/15 19/5 21/7
thick [1]  14/4
thing [2]  3/12 16/22
things [1]  18/15
think [13]  4/13 9/3 9/25 10/2 10/22
11/11 17/13 18/12 19/5 19/9 19/9 20/18
21/3
this [52]  2/3 3/4 5/15 7/1 7/4 8/11 8/14
8/17 9/6 9/7 9/24 10/1 10/11 10/22
10/24 11/2 11/4 11/5 11/8 11/14 11/16
11/23 13/11 13/13 13/21 13/21 14/2
14/8 14/16 14/18 15/3 15/6 15/9 15/13
15/21 15/22 15/25 16/15 16/18 17/2
17/3 17/8 17/8 17/19 17/19 18/4 18/8
18/25 19/13 20/2 22/14 22/18
THOMAS [3]  1/17 2/19 12/24
those [6]  5/19 6/10 8/13 9/19 11/10 16/9
though [1]  4/9
three [1]  7/11
throw [1]  18/5
till [1]  15/6
time [6]  3/4 7/11 7/18 15/11 20/8 20/13
Time's [1]  5/19
timely [1]  15/15
times [1]  20/2
tipped [1]  15/15
today [4]  3/11 3/12 4/4 12/25
toe [1]  9/25
too [2]  13/10 20/20
topics [1]  4/17
transaction [1]  10/6
transcript [4]  2/3 22/6 22/11 22/17
transcription [1]  22/7
Traurig [1]  1/18
Trial [1]  22/10
tried [1]  19/15
true [2]  11/7 22/6
Trust [1]  17/18
trustee [1]  13/12
trying [2]  3/13 10/24
turn [1]  13/16
turned [1]  14/23
two [6]  4/17 5/14 7/3 7/18 9/13 18/15
TX [1]  1/21
types [2]  6/7 13/10

## U

Uh [1]  2/5
Uh-huh [1]  2/5

unauthorized [1]  22/17
under [17]  5/6 5/7 5/24 5/25 6/20 7/5
7/20 9/3 9/19 9/23 12/6 12/7 17/3 17/8
18/2 18/7 19/12
undermines [1]  9/1
understand [3]  7/6 9/21 14/6
understanding [2]  3/12 3/16
unduly [1]  14/4
unh [2]  2/6 2/6
Unh-unh [1]  2/6
Unit [1]  1/21
Unless [1]  21/1
unusual [1]  19/8
up [10]  3/7 10/23 13/5 14/20 14/23
15/24 16/22 20/8 20/9 20/10
upon [1]  22/5
us [5]  13/9 13/18 19/3 19/3 19/4
USC [2]  7/20 9/1
use [1]  9/25
used [1]  12/11

## V

vacate [15]  2/16 3/11 3/13 3/21 4/6 4/10
4/21 7/14 8/14 9/4 11/14 11/20 12/1
15/9 16/25
vacation [1]  16/6
Vaiani [1]  15/21
various [5]  5/2 7/10 9/5 13/23 13/25
15/22 16/24
Veazy [2]  17/14 19/14
venue [4]  6/14 7/16 11/14 11/15
versus [1]  2/15
very [5]  3/6 11/12 11/13 14/4 17/23
violating [1]  16/17
visiting [1]  20/17
vocal [1]  2/24
voice [1]  19/21

## W

wait [1]  13/18
waiting [1]  19/5
walk [2]  16/16 16/19
want [5]  4/10 13/18 18/15 18/16 21/2
was [22]  3/12 3/13 7/23 8/23 8/23 11/19
13/17 14/16 14/17 14/22 15/21 16/22
16/23 17/1 17/7 19/14 19/15 20/3 20/4
20/10 20/10 22/14
wasn't [4]  3/6 10/20 17/14 17/14
way [3]  11/9 18/11 19/15
we [40]  4/1 4/9 6/15 7/12 8/4 8/13 9/3
9/19 9/20 9/21 9/25 10/2 10/19 10/19
10/22 10/22 11/1 11/17 11/17 12/1
12/15 12/18 13/8 13/11 13/11 13/16
14/25 14/25 15/3 16/5 16/15 17/2 17/2
17/7 17/8 17/16 18/3 19/13 19/13 19/13
we'd [1]  11/24
we'll [1]  20/12
we're [5]  4/9 5/22 10/3 15/7 15/8
weather [2]  3/4 20/12
weighty [1]  14/4
well [6]  3/16 10/16 15/12 19/8 19/17
20/12
went [3]  14/20 14/25 16/23
were [12]  3/10 6/10 9/10 9/10 10/21
13/23 13/24 14/17 14/18 14/18 15/16
16/15
what [15]  5/25 7/21 10/5 10/8 11/17
12/6 12/7 14/16 14/16 15/5 17/2 18/11
19/5 19/13 19/15
what's [1]  9/22
when [3]  13/8 16/15 18/18
where [3]  7/15 10/15 20/1

whether [3]  8/6 17/13 18/23
which [17]  4/24 5/17 7/4 7/7 7/13 7/22
9/4 11/12 11/19 13/6 13/10 13/19 13/22
15/21 16/17 16/25 22/14
While [1]  7/6
Who's [1]  4/12
why [4]  4/1 4/20 11/12 20/9
will [5]  2/18 7/2 7/4 9/15 9/19
within [4]  7/1 15/10 20/23 22/4
witnesses [1]  6/13
won [1]  8/24
world [1]  20/21
worth [1]  13/6
would [11]  4/3 4/17 4/18 8/2 8/21 11/17
12/3 12/9 16/11 18/4 20/14
wouldn't [1]  19/8
writ [1]  17/4
wrong [1]  11/15

## Y

Yarmouth [5]  2/25 3/2 20/2 20/3 20/16
Yeah [4]  3/20 12/8 15/19 21/3
year [3]  3/6 7/22 20/10
years [1]  3/3
Yes [1]  3/3
you [38]  2/18 3/5 3/10 3/24 3/25 4/15
4/16 4/18 8/2 10/9 10/11 10/17 10/17
12/5 12/8 12/22 12/23 15/15 15/16
15/23 16/14 17/23 18/6 18/14 18/15
18/15 18/16 18/16 19/21 19/22 20/1
20/2 20/13 20/24 21/1 21/11 21/12
21/13
You'll [1]  11/1
you're [4]  12/5 14/3 14/4 19/23
your [38]  2/20 2/21 2/23 3/3 3/9 3/17
4/14 4/16 4/17 9/7 10/10 11/24 12/3
12/22 13/2 13/3 14/6 15/18 16/10 16/13
16/21 17/24 18/8 18/12 18/16 18/23
19/5 19/9 19/20 19/25 20/14 20/15
20/22 20/24 21/3 21/6 21/11 21/12
your Honor [29]  2/20 2/23 3/9 3/17 4/14
4/16 9/7 10/10 11/24 12/3 12/22 13/2
13/3 14/6 15/18 16/10 16/13 16/21 18/8
18/23 19/9 19/20 19/25 20/14 20/22
21/3 21/6 21/11 21/12

# EXHIBIT 12

| CLERK'S NOTICE | DOCKET NUMBER<br><br>**1472CV00511** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>SunLink Corporation vs. American Capital Energy, Inc. et al | Scott W. Nickerson, Clerk of Court<br>Barnstable County |
|---|---|

| TO:<br>Paul Joseph Murphy, Esq.<br>Greenberg Traurig LLP<br>One International Place<br>20 Floor<br>Boston, MA 02109 | COURT NAME & ADDRESS<br>Barnstable County Superior Court<br>3195 Main Street<br>Barnstable, MA 02630 |
|---|---|

You are hereby notified that on 02/18/2016 the following entry was made on the above referenced docket:

Endorsement on Motion to After Hearing (#21.0): ALLOWED
ACE's efforts to Vacate the Arbitration Award belong in Judicial Court where Sunlink has already sought to confirm the award.

| DATE ISSUED | ASSOCIATE JUSTICE/ ASSISTANT CLERK | SESSION PHONE# |
|---|---|---|
| 02/18/2016 | **Hon. Gary A Nickerson** | **(508)375-6684** |

Date/Time Printed: 02-18-2016 10:11:24

SCV016_X1\ 08/2014