COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss

SUPERIOR COURT
CIVIL ACTION NO.  1472CV00511

|  |  |
|---|---|
| SUNLINK CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>AMERICAN CAPITAL ENERGY, INC.;<br>ARCH INSURANCE COMPANY;<br>BERKLEY REGIONAL INSURANCE<br>COMPANY; and BERKLEY INSURANCE<br>COMPANY,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# APPENDIX VOLUME II OF III

# EXHIBIT S

**Curley, Penny R. (Secy-Bos-LT)**

| | |
|---|---|
| **From:** | David L. Evans <DEvans@murphyking.com> |
| **Sent:** | Monday, May 11, 2015 3:25 PM |
| **To:** | 'Elder, Jonathan T.'; romeol@adr.org |
| **Cc:** | Connelly, John P.; Murphy, Paul (Shld-Bos-LT); robtdowd@sncglobal.net |
| **Subject:** | Sunlink Corp. v. American Capital Energy, Inc., AAA No. 01-14-0001-7516 |

Arch's motion to intervene and for a continuance is DENIED.


DLE


David L. Evans
Murphy & King
Professional Corporation
One Beacon Street
Boston, MA  02108-3107
Tel: (617) 423-0400 (ext. 445)
Fax: (617) 423-0498
Direct dial: (617) 226-3445
E-mail: devans@murphyking.com
Web: www.murphyking.com

-----Original Message-----
From: Elder, Jonathan T. [mailto:jelder@hinckleyallen.com]
Sent: Saturday, May 09, 2015 9:47 AM
To: romeol@adr.org
Cc: Connelly, John P.; Murphy Paul J.; robtdowd@sncglobal.net; David L. Evans
Subject: Fwd: Sunlink Corp. v. American Capital Energy, Inc., AAA No. 01-14-0001-7516

Ms. Romeo,

Please see the attached filing in the above-referenced arbitration. Thank you.

Jon

Sent from my iPhone

Begin forwarded message:

From: "Diffee, Jennifer A." <jdiffee@hinckleyallen.com<mailto:jdiffee@hinckleyallen.com>>
To: "'devans@murphyking.com'<mailto:devans@murphyking.com>'"
<devans@murphyking.com<mailto:devans@murphyking.com>>
Cc: "'robtdowd@sbcglobal.net<mailto:robtdowd@sbcglobal.net>'"
<robtdowd@sbcglobal.net<mailto:robtdowd@sbcglobal.net>>,
"'murphyp@gtlaw.com<mailto:murphyp@gtlaw.com>'" <murphyp@gtlaw.com<mailto:murphyp@gtlaw.com>>,
"Connelly, John P." <jconnelly@hinckleyallen.com<mailto:jconnelly@hinckleyallen.com>>, "Elder, Jonathan T."
<jelder@hinckleyallen.com<mailto:jelder@hinckleyallen.com>>, "Molina, Madeline"
<mmolina@hinckleyallen.com<mailto:mmolina@hinckleyallen.com>>
Subject: Sunlink Corp. v. American Capital Energy, Inc., AAA No. 01-14-0001-7516

The attached documents are being sent to you at the request of Jonathan T. Elder, Esquire.
Thank you.

Jennifer A. Diffee<www.hinckleyallen.com> Legal Secretary

Hinckley Allen <http://www.hinckleyallen.com/>
28 State Street
Boston, MA 02109-1775
p: 617-345-9000 | f: 617-345-9020
jdiffee@hinckleyallen.com <mailto:jdiffee@hinckleyallen.com>

---------------------------
This e-mail message and
any attachments are confidential and may be privileged. If you are not the intended recipient please notify Murphy
& King, P.C. immediately -- by replying to this message or by sending a message to
postmaster@murphyking.com -- and destroy all copies of this message and any attachments. Thank you. For
more information about Murphy & King, P.C., please visit us at http://www.murphyking.com Pursuant to IRS
Circular 230, please be advised that, to the extent this communication (and any attachments) contains any tax
advice, it is not intended to be, and cannot be used, for purposes of avoiding penalties under the Internal
Revenue Code.

---------------------------

# EXHIBIT T

May 7, 2015

Paul J. Murphy, Esq.
Greenberg Traurig LLP
1 International Place
Boston, MA 02110
Via Email to: murphyp@gtlaw.com

Robert K. Dowd, Esq.
Robert K. Dowd, P.C.
4814 Bengal Street, Unit #1
Dallas, TX 75219
Via Email to: robtdowd@sbcglobal.net

**Case Number: 01-14-0001-7516**
SunLink Corporation
-vs-
American Capital Energy, Inc.

PLEASE TAKE NOTICE that a hearing in the above-entitled arbitration will be held as follows:

| | |
|---|---|
| Date: | May 13, 14, 15, 16, 18, 19, 20 & 21, 2015 |
| Time: | 9:30 AM |
| Place: | Greenberg Traurig, LLP<br>One International Place<br>Boston, MA 02110 |

NOTE:  Revised to reflect new location and dates.  Start time is 9:30AM per the Arbitrator.


Lisa A Romeo
Director of ADR Services
Direct Dial: (617)695-6037
Email: LisaRomeo@adr.org

NOTICE: The arbitrator has arranged his/her schedule and reserved the above date(s).  Therefore, every effort should be made to appear on the date(s) scheduled.  In the event that unforeseen circumstances make it impossible to attend the hearing as scheduled, a party requesting a postponement should obtain the agreement of the other party(s).  If there is no mutual agreement, the arbitrator will make a determination.  All requests for postponements must be communicated to undersigned, not the arbitrator.  There should be no direct communication between the parties and the neutral arbitrator.  In some instances, postponements are subject to cancellation fees by the arbitrator.  Any party wishing a stenographic record must make arrangements directly with the stenographer and notify the other party(s) of the arrangements in advance of the hearings.

cc:   David L. Evans, Esq.
       David Thomas, Esq.

# EXHIBIT U

5/1

## AMERICAN ARBITRATION ASSOCIATION

SUNLINK CORPORATION,            :
          Claimant,             :    AAA Case No. 01-14-0001-7516
                                :
v.                              :
                                :
AMERICAN CAPITAL ENERGY,        :
          Respondent.           :

## BERKLEY REGIONAL INSURANCE COMPANY'S EMERGENCY MOTION TO INTERVENE AND CONTINUE PROCEEDINGS

Non-party Berkley Regional Insurance Company ("Berkley") respectfully files this

Emergency Motion to Intervene and Continue[1] by at least forty five (45) days the hearings

scheduled to commence on May 13, 2015.  Claimant Sunlink Corporation seeks to recover over

$8 million in alleged damages from Berkley's bond principal, Respondent American Capital

Energy, Inc. ("ACE") in connection with nine solar energy projects ("Solar Projects") located

throughout Cape Cod, Massachusetts.  Berkley provided payment and performance bonds (the

"Berkley Bonds") in favor of ACE on four of the nine Solar Projects, those located in Dennis,

Barnstable, Brewster and Chatham (collectively the "Berkley Bonded Projects").  On April 15,

2015, Berkley was informed that Reimer & Braunstein had withdrawn from its representation of

ACE in these proceedings and planned to withdraw from its representation of Berkley and ACE

in certain related court actions.   As a result of this, Berkley's interests in this proceeding are no

longer being represented or protected.

Any award that might be entered in these proceedings against ACE or that otherwise

determines ACE's liability is likely to impair the interests of Berkley, as ACE's surety on the

---

[1] Berkley understands that Arch Insurance Company, as surety on the bonds issued on the remaining five Solar Projects not bonded by Berkley, has filed a similar Motion to Intervene and Continue.

Berkley Bonded Projects. *See, Kearsarge Metallurgical Corp v. Peerless Ins. Co.*, 383 Mass 162, 166-68, 418 N.E. 2d 580 (1981). Therefore, Berkley respectfully requests that the Arbitrator allow Berkley to intervene in this arbitration to protect its own interests and avoid the prejudice that could result from an adverse award against ACE.

Berkley's request to intervene is provisional to the extent that Berkley also requests a continuance of the hearings of forty five (45) days to prepare its defenses to Sunlink's claims. Berkley asks that the Arbitrator grant Berkley's request to intervene *only* if the Arbitrator also grants Berkley's request for a continuance.

In further support of this motion, Berkley states as follows:

## FACTUAL BACKGROUND

1.      This action arises out of contracts between Sunlink and ACE ("Sales Contracts") by which Sunlink agreed to provide ACE with mounting system equipment and materials for the Solar Projects.

2.      Berkley, as surety for ACE, issued performance and payment bonds on each of the Berkley Bonded Projects.

3.      Sunlink has asserted claims against ACE in this arbitration totaling approximately $8,800,000, inclusive of interest, costs, fees, and alleged debt restructuring costs. Sunlink has named ACE as the only respondent.

4.      Sunlink also has filed actions in the Barnstable County and Dukes County Superior Courts, respectively (the "Actions"). In the Actions, Sunlink has asserted the same claims it has asserted against ACE in this proceeding, in addition to payment bond claims against Berkley.

5.      Between April 7 and April 15, 2015, counsel for ACE withdrew from its representation of ACE in this Arbitration and indicated planned to withdraw from its representation of Berkley in both of the Actions.  ACE thereafter replaced its counsel in this Arbitration with Attorney Robert K. Dowd, Esq.  However, due to serious concerns raised by those withdrawals, Berkley is replacing its counsel in the Actions with the undersigned.

6.      Among Berkley's concerns are that (1) Berkley was not advised by its former counsel that its participation in this Arbitration was necessary or was otherwise required to protect its interests; (2) Berkley has not been kept abreast of the status of the proceedings or the details regarding the claims in dispute; and (3), according to papers filed in this Arbitration by ACE, serious questions exist about whether health issues will impair Attorney Dowd's ability to prepare and present ACE's defenses.

## ARGUMENT

### I.      Applicable Legal Standard.

The right to intervene is afforded by Rule 24 of the Massachusetts Rules of Civil Procedure.  See Mass. R. Civ. P. 24(a).  Under Rule 24(a), a request to intervene *must* be granted "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect the interest, unless the applicant's interest is adequately represented by the parties." Mass. R. Civ. P. 24(a).  An applicant seeking intervention bears the "minimal" burden of demonstrating that, absent intervention, representation of its interest would be inadequate.  See *Frostar Corp. v. Malloy*, 77 Mass. App. Ct. 705, 712 (2010) (citation omitted).  Although the propriety of intervention obviously is discretionary, "lenity is the prescribed attitude in disposing of intervention motions."  See *Peabody Federation of Teachers,*

*Local 1289, AFT v. School Comm. of Peabody*, 28 Mass. App. Ct. 410, 413 (1990) (citation omitted).

## II.    Intervention Is Warranted Here.

The Arbitrator should permit Berkley to intervene, and continue the hearings to permit Berkley to prepare its defense, because: (1) as ACE's surety on the Berkley Bonded Projects, Berkley has a direct interest in the outcome of Sunlink's claims against ACE, and is so situated that disposition of those claims without Berkley's participation will impair or impede Berkley's ability to protect its interest[2]; (2) Berkley's interest is not adequately represented by any party to this Arbitration; (3) Berkley will be significantly prejudiced if the Arbitrator declines to permit intervention and the continuance requested by Berkley; and (4) the brief 45 day continuance sought by Berkley will not significantly prejudice Sunlink.

First, Berkley's direct interest in the outcome of Sunlink's claims is obvious:  As ACE's payment bond surety on the Berkley Bonded Projects, Berkley is exposed to liability under the bonds for unpaid labor and materials provided by Sunlink to the Berkley Bonded Projects.[3] Berkley thus may be precluded by the results of the arbitration from contesting any issue actually decided in the arbitration proceeding.  *C&I Steel, LLC v. Travelers Casualty and Surety Company of America*, 70 Mass. App. 653, 660, 876 N.E. 2d 442, 448 (Mass. App. Ct. 2007).

Second, Berkley's interest is not adequately represented by any party to this Arbitration, including ACE.  The late withdrawal of former counsel for ACE in this Arbitration, and Attorney Dowd's health related issues, has seriously compromised ACE's ability to vigorously defend

---

[2] Lack of a fair opportunity for Berkley to participate in this proceeding may also impair Sunlink's ability to recover on the Berkley Bonds if it is successful in this proceeding.

[3] Under the Berkley Bonds, Berkley's liability is limited to payments determined to be owed for labor and materials only.  Berkley is not liable for extra-contractual damages, including punitive, multiple, or consequential damages of any kind.

against Sunlink's claims, and therefore has severely prejudiced both ACE and Berkley. Before it obtained new counsel, Berkley had not been adequately apprised of the details of Sunlink's claims or the nature of ACE's planned defenses. Berkley is now concerned that prosecution of this arbitration proceeding by ACE may fail to fully preserve the rights of ACE and Berkley or to otherwise maximize ACE's potential recovery or minimize its potential liability.'

Berkley understands that the Arbitrator, through previous motion practice, has deemed ACE's recent change of counsel insufficient to warrant a continuance. The circumstances confronted by Berkley, however, differ materially from those of ACE. Unlike ACE, Berkley is a non-party who has never participated in this Arbitration. Indeed, Berkley was never advised of the necessity to participate or of the gravity of its interests at stake, and was forced to turn to counsel when former counsel for ACE withdrew. Berkley should not be penalized for the actions of ACE's counsel, nor should Berkley, as a non-party, be placed in the same category as ACE for purposes of its request to intervene and continue. Berkley must be permitted to participate directly in the prosecution of ACE's defenses and claims, after having the opportunity to carefully review the positons of, and information exchanged by, the parties.

Third, Berkley will be prejudiced if it is denied permission to intervene and continue the hearings to properly prepare its defense. If Sunlink wins an award against ACE, Sunlink likely will attempt to enforce the award as binding against Berkley. Berkley is at risk of being subjected to a potentially preclusive impact of events occurring in the arbitration and denied the full and fair opportunity to participate in defending the claims for which it may be held liable.

Such an outcome is contrary to the principles of rightful intervention and compulsory joinder of necessary and indispensable parties under established Massachusetts law. *See* Mass. R. Civ. P. 24(a), *supra*; Mass. R. Civ. P. 19(a)(2)(i) (a person "shall be joined" if in his absence

he "claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may .... as a practical matter impair or impede his ability to protect that interest").

Finally, the requested continuance is not unduly prejudicial to Sunlink. If this motion is granted, the Arbitration hearings will start in June, 2015. No long delay or continuance is sought by any party. Sunlink's opposition to the Motion filed by Arch on Friday May 8, 2015 argues – without any supporting affidavits or documentation – that the requested continuance will prejudice Sunlink by denying it a "swift and speedy" resolution of its claims. The short delay requested does no such thing. Because of the clear prejudice to Berkley from denial of this motion, the short delay sought is warranted.[4]

---

[4] At least one other issue may require that the Arbitration be rescheduled. The Berkley Bonds were issued in reliance on the credit of certain Indemnitors, including ES Boulos Company ("ESB") and Northeast Generation Services Company ("NGS"). Both ESB and NGS are subsidiaries of Eversource (formerly known as Northeast Utilities) ("Eversource"). There are direct contractual agreements between Eversource and Berkley in regard to these bonds. Eversource therefore has a financial interest in the outcome of this matter. Berkley was informed today that the Arbitrator's firm and the Arbitrator himself represent Eversource and/or one or more of its subsidiaries, including representation in pending litigation matters. Counsel for Berkley has been informed by representatives of Eversource that Eversource may consider this situation to present a conflict of interest. Certainly that possibility needs to be disclosed to and considered by the appropriate parties.

## CONCLUSION

Non-party Berkley requests that the Arbitrator grant Berkley's request to intervene as a Respondent in the Arbitration, but only if the Arbitrator also grants Berkley's request to continue the commencement of the Arbitration by at least 45 days to a date agreed to by the Parties.

BERKLEY REGIONAL INSURANCE
COMPANY
By its attorneys,

Kevin J. O'Connor, BBO # 555249
HERMES, NETBURN, O'CONNOR &
SPEARING, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110
T: 617.210.7730
koconnor@hermesnetburn.com

May 11, 2015

# EXHIBIT V

**Curley, Penny R. (Secy-Bos-LT)**

| | |
|---|---|
| **From:** | David L. Evans <DEvans@murphyking.com> |
| **Sent:** | Monday, May 11, 2015 4:08 PM |
| **To:** | 'Kevin J. O'Connor'; Murphy, Paul (Shld-Bos-LT) |
| **Cc:** | Thomas, David G. (Shld-Bos-LT); LisaRomeo@adr.org |
| **Subject:** | RE: Sunlink v. American Capital Energy |

I acknowledge the assertion in footnote 4 that Berkley's bonds were issued based on the credit of certain indemnitors, including ESB and NGS, who are subsidiaries of Eversource, and that Eversource therefore may have a financial interest.

While Murphy & King and I represent Eversource in unrelated matters, I do not believe that Eversource's indirect relationship to this matter constitutes grounds for disqualification or brings into question my ability to be impartial or to independently adjudicate this matter. Neither Eversource nor Berkley is a party to this case, and I have denied the identical motion of a similarly situated surety (Arch) to intervene on the condition that I also postpone the hearings. (ACE, the respondent herein/principal under the Berkley bonds, also recently sought a continuance, which I denied.) I note that the sureties (Berkley and Arch) have known of this case and my involvement for many months, yet waited until literally the eve of the hearings (3:12 p.m. today) to raise the issue. In contrast, I had no knowledge of the sureties or Eversource's asserted status until today. (Indeed, I didn't even know that Eversource, a public utility, was directly or indirectly in the surety business.) No surety has been listed in the parties' conflict disclosures and no surety is on the witness list.

I am making this disclosure immediately so that it can be addressed before the hearings commence on Wednesday morning. The parties should address all communications concerning this issue to the AAA. <u>Do not copy me on any communications concerning this disclosure.</u>


DLE


David L. Evans
Murphy & King
Professional Corporation
One Beacon Street
Boston, MA  02108-3107
Tel: (617) 423-0400 (ext. 445)
Fax: (617) 423-0498
Direct dial: (617) 226-3445
E-mail: devans@murphyking.com
Web: www.murphyking.com

**From:** Kevin J. O'Connor [mailto:koconnor@hermesnetburn.com]
**Sent:** Monday, May 11, 2015 3:12 PM
**To:** David L. Evans; Paul J. Murphy - Greenberg Traurig, LLP (murphyp@gtlaw.com); robtdowd@sbcglobal.net
**Cc:** Connelly, John P.
**Subject:** Sunlink v. American Capital Energy

Dear Mr. Evans,

Please see the attached correspondence and motion submitted on behalf of Berkley Regional Insurance Company.

Very truly yours,

Kevin O'Connor

Kevin J. O'Connor
Hermes, Netburn, O'Connor & Spearing, P.C.

 HERMES
NETBURN

265 Franklin Street, 7th Floor  |  Boston, MA 02110
direct 617.210.7730  |  cell 617.763.3909  |  main 617.728.0050
koconnor@hermesnetburn.com  |  www.hermesnetburn.com

Note: This electronic mail may contain information that is privileged, confidential or exempt from disclosure under applicable law. Any dissemination, copying or use of this electronic mail by or to anyone other than the designated and intended recipient(s) is unauthorized. If you received this message in error, then please delete it from your system and contact the sender immediately. E-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. IRS CIRCULAR DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed therein.

----------------------------
This e-mail message and any attachments are confidential and may be privileged. If you are not the intended recipient please notify Murphy & King, P.C. immediately -- by replying to this message or by sending a message to postmaster@murphyking.com -- and destroy all copies of this message and any attachments. Thank you. For more information about Murphy & King, P.C., please visit us at http://www.murphyking.com Pursuant to IRS Circular 230, please be advised that, to the extent this communication (and any attachments) contains any tax advice, it is not intended to be, and cannot be used, for purposes of avoiding penalties under the Internal Revenue Code.
----------------------------

# EXHIBIT W

# ROBERT K. DOWD, P.C.
**4814 BENGAL STREET, UNIT #1**
**DALLAS, TEXAS 75235**
**(214) 922-9330 PHONE • (214) 922-9372 FAX**
*e-mail:  robtdowd@sbcglobal.net*

*Member Texas Bar*                                                              *Robert K. Dowd*
*Member Massachusetts Bar*                                                *Attorney*

May 12, 2015

Via E-Mail
Ms. Lisa Romeo
Director of ADR Services
American Arbitration Association

       RE: Arbitration SunLink Corporation v. American Capital Energy, Inc.
          AAA No.01-14-0001-7516 Objection to Arbitrator David Evans

Dear Lisa,

     I have several concerns which results in my client directing me to object to Mr. David Evans as the Arbitrator in the above entitled case. The original Lawsuit filed by Sunlink Corporation against my client Respondent, American Capital Energy Inc. included the named Defendant, Berkley Insurance Company, the bonding company of ES Boulos (now known as "Eversource" ), who is Mr. Evans' client. Mr. Evans representation of Eversource was disclosed late yesterday by your email noting a response had to be filed by the next morning.

     My first concern is that neither the Claimant, Sunlink Corporation nor Respondent American Capital Energy Inc., know enough about the extent of the conflict or the magnitude of Mr. Evans' representation of Eversource. Sunlink Corporation may not object to conflict or bias now, but after an adverse finding conduct an investigation, raise the issue of bias and seek to set aside an adverse Arbitration Award.

     What makes the issue particularly difficult is that there are a total of nine contracts involved in this Arbitration matter, financial obligations on those contracts involve Eversource and the remainder involving another bonding company, Arch Insurance Company. ("Arch") If findings are adverse to Arch and favorable to Eversource, an appeal in the Arbitrator's Award based on bias would be demanded by Arch.

Via E-Mail
Ms. Lisa Romeo,
Director of ADR Services
American Arbitration Association

Page 2 of 2

Rule 20(a) of the AAA Construction Rules permits disqualification on several grounds, including "partiality or lack of independence."

> Canon I of the AAA ethical rules states that "After accepting appointment and while serving as an arbitrator, a person should avoid entering into any business, professional, or personal relationship, or acquiring any financial or personal interest, which is likely to affect impartiality or which might reasonably create the appearance of partiality."

Here, the parties and the Arbitrator just have become aware that a client of the Arbitrator – Eversource – has a financial interest in the outcome of this matter. The Arbitrator, in his role as attorney for Eversource, has an ethical obligation that prohibits him from acting adversely to Eversource. This situation at the very least creates the appearance of partiality and places the Arbitrator in an untenable ethical position.

American Capital Energy, Inc. objects to Mr. Evan's continued service under these circumstances. I am also concerned that I received no notice from Mr. Evans concerning the conflict, I found out later in the day from your correspondence. The American Arbitration Association has a long and distinguished reputation for avoiding bias and even the suspicion of conflict. I think the AAA is best served to avoid any indication of impropriety.

Yours truly,

Robert K. Dowd

# EXHIBIT X

**Curley, Penny R. (Secy-Bos-LT)**

| | |
|---|---|
| **From:** | Thomas, David G. (Shld-Bos-LT) |
| **Sent:** | Tuesday, May 12, 2015 12:54 PM |
| **To:** | AAA Lisa Romeo; Robt Dowd |
| **Cc:** | Murphy, Paul (Shld-Bos-LT); Mark Ginalski |
| **Subject:** | RE: Letter to Lisa Romeo-Objection Arbitrator |

Ms. Romeo,

In response to Mr. Dowd's recent letter, SunLink responds as follows:

1. As we understand it, Eversource is the parent corporation to EBS and NGS. EBS and NGS apparently indemnified Berkley when Berkley issued certain payment bonds to ACE for the underlying solar projects. Ostensibly, there are some undisclosed and undefined "direct contractual agreements between Eversource and Berkley" concerning those bonds. *See Berkley Motion to Intervene, at p. 6, n. 4.*

2. SunLink agrees with Arbitrator Evans: Eversource's asserted contractual relationship with Berkley does not constitute grounds for disqualification as it does not reasonably create the appearance of bias or partiality. ACE is the party responsible to pay SunLink under the parties' sales contracts. Put simply, Arbitrator Evans will not be deciding any issues concerning (1) any obligations between Eversource and Berkley, (2) any obligations of EBS and NGS, or (3) the scope of coverage under the Berkley bonds. SunLink brought this arbitration against ACE only, as the parties arbitration agreement required it to do. Neither Berkley, Eversource, EBS nor NGS are parties to this arbitration or SunLink's sales contracts. Therefore, the *only* issues Arbitrator Evans will address during the arbitration relate to the underlying sales contracts between ACE and SunLink. That Eversource has some alleged attenuated, inchoate "financial interest" in the *outcome* of the arbitration (to the extent SunLink obtains an award, ACE fails to pay the award, SunLink has to pursue claims under the bonds in Superior Court, if EBS and NGS are then sued by some party under their indemnification obligations, whatever those may be, etc., etc.) *alone* is wholly insufficient. There is no conflict here, let alone any appearance of bias or partiality. SunLink is fully confident that Arbitrator Evans will proceed to handle this matter impartially.

3. ACE's other sundry arguments or alleged concerns are red herrings. As to ACE's concern that *Arch* may appeal an arbitration award, Arch has absolutely no standing to do so. Arch, like Berkley, is not a party to this proceeding and Arbitrator Evans is not being asked to address any coverage issues under the Arch's bonds. As to ACE's concern about SunLink raising the issue of bias and seeking to set aside an adverse award, that "issue" is present in every arbitration and every court proceeding. The standard for disqualification, however, is whether the *present* facts *reasonably create* an appearance of bias partiality. The facts simply do not do so here. Rather, ACE's letter merely is last minute pretext for seeking a continuance of the hearings, which ACE has been denied twice by Arbitrator Evans.

We respectfully request the AAA to allow Arbitrator Evans to continue acting as the arbitrator in these proceedings.

Sincerely,

David

**David G. Thomas**
Shareholder
Greenberg Traurig, LLP | One International Place | Boston, MA 02110
Tel 617.310.6040 | Fax 617.897.0940 | Cell 781.267.9614
ThomasDa@GTLAW.com | http://www.gtlaw.com

**GT** GreenbergTraurig

ALBANY · AMSTERDAM · ATLANTA · AUSTIN · BOSTON · CHICAGO · DALLAS · DELAWARE · DENVER · FORT LAUDERDALE · HOUSTON · LAS VEGAS · LONDON* · LOS ANGELES · MEXICO CITY* · MIAMI · NEW JERSEY · NEW YORK · NORTHERN VIRGINIA · ORANGE COUNTY · ORLANDO · PALM BEACH COUNTY · PHILADELPHIA · PHOENIX · SACRAMENTO · SAN FRANCISCO · SEOUL* · SHANGHAI · SILICON VALLEY · TALLAHASSEE · TAMPA · TEL AVIV* · TOKYO* · WARSAW* · WASHINGTON, D.C. · WESTCHESTER COUNTY
*LONDON: OPERATES AS GREENBERG TRAURIG MAHER LLP; MEXICO CITY: OPERATES AS GREENBERG TRAURIG, S.C.; SEOUL: OPERATED BY GREENBERG TRAURIG LLP FOREIGN LEGAL CONSULTANT OFFICE; TEL AVIV: A BRANCH OF GREENBERG TRAURIG, P.A., FLORIDA, USA; GREENBERG TRAURIG TOKYO LAW OFFICES ARE OPERATED BY GREENBERG TRAURIG HORITSU JIMUSHO, AN AFFILIATE OF GREENBERG TRAURIG, P.A. AND GREENBERG TRAURIG, LLP; WARSAW: OPERATES AS GREENBERG TRAURIG GRZESIAK SP.K.
STRATEGIC ALLIANCE WITH AN INDEPENDENT LAW FIRM
MILAN · ROME

**From:** AAA Lisa Romeo [mailto:LisaRomeo@adr.org]
**Sent:** Tuesday, May 12, 2015 11:10 AM
**To:** Robt Dowd; AAA Lisa Romeo
**Cc:** Thomas, David G. (Shld-Bos-LT); Murphy, Paul (Shld-Bos-LT); Mark Ginalski
**Subject:** RE: Letter to Lisa Romeo-Objection Arbitrator

I look forward to SunLink's response by 2:00PM.

 **AAA Lisa Romeo**
**Director of ADR Services**
American Arbitration Association
One Center Plaza Suite 300
Boston, MA 02108
www.adr.org
**T:**617 695 6037
**F:**617 451 0763

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Robt Dowd [mailto:robtdowd@sbcglobal.net]
**Sent:** Tuesday, May 12, 2015 10:56 AM
**To:** AAA Lisa Romeo
**Cc:** 002ThomasDa@GTLAW.com; Paul Murphy; Mark Ginalski
**Subject:** Letter to Lisa Romeo-Objection Arbitrator

Please see attached letter which ACE requests be filed with the AAA

 **AAA Lisa Romeo**
**Director of ADR Services**
American Arbitration Association
One Center Plaza Suite 300
Boston, MA 02108
<u>www.adr.org</u>
**T:**617 695 6037
**F:**617 451 0763

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

# EXHIBIT Y

**Curley, Penny R. (Secy-Bos-LT)**
_____

| | |
|---|---|
| **From:** | AAA Lisa Romeo <LisaRomeo@adr.org> |
| **Sent:** | Tuesday, May 12, 2015 4:58 PM |
| **To:** | Thomas, David G. (Shld-Bos-LT); Mark Ginalski; Murphy, Paul (Shld-Bos-LT); robtdowd@sbcglobal.net |
| **Cc:** | AAA Lisa Romeo |
| **Subject:** | AAA Determination: SunLink / American Capital Energy (01-14-0001-7516) |
| | |
| **Importance:** | High |

Counsel.

The issue previously raised by the Respondent regarding the objection to the continued service of Arbitrator Evans and any response received was considered by the AAA's Administrative Review Council ("Council") on May 12, 2015.  After careful consideration of the parties' contentions, the Council has determined that Arbitrator Evans shall be reaffirmed as the arbitrator for this case.  This decision will be made a part of our administrative file.

The AAA's rule on disqualification provides that an arbitrator shall be subject to disqualification for partiality or lack of independence, inability or refusal to perform his or her duties with diligence and in good faith, and any grounds for disqualification provided by applicable law.  The Council has carefully reviewed and considered the parties' submissions in this matter, and based upon the Council's Review Standards available at www.adr.org/arc, the Council has determined that the arbitrator shall be reaffirmed in this matter.

Under the Rules, the AAA's decision regarding the objection to the arbitrator is conclusive.  Any additional objection to the continued service of the arbitrator must be based on new grounds.

The hearings will proceed as scheduled tomorrow morning.

Regards,

Lisa


AAA Lisa Romeo
Director of ADR Services
American Arbitration Association
One Center Plaza Suite 300
Boston, MA 02108
http://www.adr.org
T:617 695 6037
F:617 451 0763


The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.