UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNLINK CORPORATION, | * * * |
| Plaintiff, | * * |
| v. | Civil Action No. 15-13606-ADB * * |
| AMERICAN CAPITAL ENERGY, INC., | * * |
| Defendant. | * * |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Currently pending before this Court is Plaintiff SunLink Corporation's ("SunLink") Motion for Injunctive Relief in Aid of Enforcement of Judgment [ECF No. 38]. Defendant American Capital Energy, Inc. ("ACE") opposed the motion [ECF No. 40], and SunLink filed a reply brief [ECF No. 46]. For the reasons stated below, SunLink's motion [ECF No. 38] is GRANTED IN PART.

Because SunLink requested injunctive relief after the Court reached the merits of the case, the Court applies the standard for permanent injunctions in evaluating whether injunctive relief is warranted. See McDonald's Corp. v. Rappaport, 532 F. Supp. 2d 264, 269 (D. Mass. 2008) ("[B]ecause this court evaluated the merits of this case, the permanent injunction standard is appropriate."). "The standard for issuing a permanent injunction requires the district court to find that (1) plaintiffs prevail on the merits; (2) plaintiffs would suffer irreparable injury in the absence of injunctive relief; (3) the harm to plaintiffs would outweigh the harm the defendant would suffer from the imposition of an injunction; and (4) the public interest would not be adversely affected by an injunction." McDonald's, 532 F. Supp. 2d at 268–69 (quoting

Asociacion de Educacion Privada de P.R., Inc. v. Garcia-Padilla, 490 F.3d 1, 8 (1st Cir. 2007)).[1]

All four requirements are met in this case. Most importantly, SunLink has already succeeded on the merits. Moreover, ACE has admitted to significant cash flow issues; indeed, its entire opposition to the injunction is premised on the fact that ACE is actively trying to sell its assets to a foreign corporation because of its financial problems. Additionally, there is no evidence of any liability insurance that would cover the Judgment. This sufficiently establishes the potential for irreparable harm to SunLink if the injunction is not granted. Moreover, the balance of harms favors SunLink and there is a strong public interest in ensuring that a defendant does not escape payment. Accordingly, SunLink is entitled to injunctive relief to aid in the enforcement of the Judgment entered on January 5, 2017.

ACE argues that an injunction in this case would "interfere with" injunctions in three other cases not before this Court, which rely on the fulfillment of judgments using the proceeds of an anticipated deal between ACE and Dalian, a Chinese corporation. According to ACE, the closure of the Dalian deal has been delayed by the election of Donald Trump and will apparently not be completed until the new administration announces its policy positions regarding China. SunLink has refused to agree to an injunction dependent on the Dalian deal, arguing that there is insufficient certainty that the deal will ever close. Given the uncertainty around the closing, the prospect of even an advantageous deal closing does not mitigate the need for an injunction.

---

[1] SunLink uses the standard for preliminary injunctions in arguing for injunctive relief, and ACE does not argue against its application. However, the result under either the preliminary or permanent injunction standard would be the same because "[t]he standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." Amoco Prod. Co. v. Vill. of Gambell, 480 U.S. 531, 546 n.12 (1987).

Furthermore, the Court may and will structure injunctive relief so as to avoid preventing or hindering the anticipated deal between Dalian and ACE.

Therefore, the Court hereby orders as follows: except in the ordinary course of business, ACE, and its officers, directors, agents, servants, employees and attorneys, are enjoined from transferring any assets, except in connection with the deal already underway between ACE and Dalian, and from making any payments of funds, until further order of the Court, including, (i) making any payments or distributions (other than wages and reasonable out-of-pocket expense reimbursement) to any of its officers, directors, employees, attorneys, shareholders, or representatives; (ii) selling, hypothecating, encumbering, pledging, or transferring any of its corporate assets; (iii) destroying or altering any of its financial records, including (without limitation) all non-public records of bank accounts, financial statements, ledgers, balance sheets, summaries of assets, loan documents, and settlements of claims with the several solar projects which are the subject of these proceedings; and (iv) undertaking any other activities/transactions that would diminish/encumber the value of ACE and/or any of its assets, or otherwise adversely impact ACE's ability to satisfy a Judgment in this matter in favor of SunLink.

**SO ORDERED.**

Dated: January 6, 2017

/s/ Allison D. Burroughs  
ALLISON D. BURROUGHS  
U.S. DISTRICT JUDGE